## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| MERRY F. SHANE, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No.: 3:10-cv-50089 (*Consolidated with Civil Action No. 3:10-cv-50132*) |
| Plaintiff, | : : | |
| v. | : : | |
| AMCORE FINANCIAL, INC., JOHN A. HALBROOK, FREDERICK D. HAY, STEPHEN S. ROGERS, JOHN W. GLEESON, WILLIAM R. MCMANAMAN, JACK D. WARD, PAULA A. BAUER, PAUL DONOVAN, TERESA IGLESIAS-SOLOMON, JUDITH CARRÈ SUTFIN, DONALD H. WILSON, and DOES 1-20, | : : : : : : : : : | |
| Defendants. | : : | |

## PLAINTIFF MERRY F. SHANE'S MEMORANDUM
## OF LAW FOR APPOINTMENT OF INTERIM
## CLASS COUNSEL AND INTERIM LIAISON COUNSEL

Merry F. Shane ("Plaintiff Shane"), the plaintiff in the first-filed case, *Merry F. Shane v. Amcore Financial, Inc., et al.*, Civil Action No.: 3:10-cv-50089 (the "*Shane* Action"), by and through her undersigned counsel, respectfully submits this Memorandum of Law in Support of her Motion for Entry of [Proposed] Pretrial Order No. 1 Appointing Interim Class Counsel and Interim Liaison Counsel.

Rule 23(g)(2) of the Federal Rules of Civil Procedure requires that the Court select counsel who is "best able to represent the interests of the class." Because Rigrodsky & Long, P.A. ("Rigrodsky & Long") and the Egleston Law Firm have extensive experience and expertise in complex class action litigation, extensive knowledge of the Employee Retirement Income Security Act ("ERISA"), as well as a proven record of success in complex class actions, Plaintiff Shane respectfully requests that this Court appoint Rigrodsky & Long and the Egleston Law Firm as Interim Class Counsel and Meyer & Horning, P.C ("Meyer & Horning") as Interim Liaison Counsel.

## I.   INTRODUCTION

On April 14, 2010, a class action complaint was filed by Plaintiff Shane individually, on behalf of the Amcore Financial Plan (the "Plan"), and as a representative of a proposed Class of *Plan participants and beneficiaries in the Shane* action, alleging various ERISA violations against Amcore Financial, Inc. ("Amcore" or the "Company") and certain Amcore executives and fiduciaries ("Defendants") of the Plan, which was established and/or sponsored by Amcore as a retirement benefit plan for its employees.

Over a month later, on May 24, 2010, another ERISA action, entitled *Michelle Kretsinger and Keith Kretsinger v. Amcore Financial, Inc., et al.,* Civil Action: 10-cv-50132 (the "*Kretsinger* Action"), was filed against the same defendants named in the *Shane* Action.[1]

The *Shane* and *Kretsinger* complaints both allege that Defendants, who were fiduciaries of the Plan, allowed the Plan to acquire and hold Amcore stock even though Amcore stock was an imprudent investment alternative for the retirement savings of its employees. The claims arise from, *inter alia,* the failure of Defendants/fiduciaries of the Plan to act solely in the interest of the Plan's participants and beneficiaries and to exercise the care, skill, prudence, loyalty and diligence in administering the Plan and investment of its assets mandated under §§ 404 and 405 of ERISA, 29 U.S.C. §§ 1104 and 1105. Accordingly, plaintiffs in both actions seek relief pursuant to §§ 409 and 502 of ERISA, 29 U.S.C. §§ 1109, 1132, on behalf the Plan and a proposed class of all the Plan participants who sustained losses to their retirement accounts.[2]

## II.   ARGUMENT

### A.   The Four Factors of Rule 23(g) Support Appointment Of Rigrodsky & Long And Egleston Law Firm As Interim Class Counsel

Plaintiff Shane submits this motion in accordance with the guidance provided by the Manual for Complex Litigation-Fourth (2005) (the "Manual"): (i) proposing a leadership

---

[1]   The *Kretsinger* Action named two additional individuals, Kenneth E. Edge and Lori M. Burke, as defendants.

[2]   Because of the substantial similarity of the claims asserted in these actions, shortly after the *Kretsinger* Action was filed, counsel for Shane contacted counsel in the *Kretsinger* action to propose that the cases be consolidated, and that counsel in the *Kretsinger* Action and one of the counsel for plaintiff Shane move for appointment as interim co-lead counsel in the consolidated action, to work the case on an equal, 50/50 basis. Counsel in the *Kresinger* Action rejected that proposal, proposing instead that it be appointed sole interim lead counsel and that counsel for plaintiff Shane accept a 25% interest in the litigation, subject to an upward adjustment to 30%, based on the actual number of hours worked on the litigation. *See* Declaration of Timothy F. Horning (the "Horning Decl." or "Horning Declaration"), Ex. A, ¶¶ 3-5. Unfortunately, counsel for Plaintiff Shane have been unsuccessful in their subsequent attempts to compromise this issue.

structure for the appointment of interim class and liaison counsel; and (ii) establishing efficient

procedures for the filing and docketing of papers.[3]

With respect to the proposed leadership structure, the principal determination before the

Court is to ensure that the leadership will best represent the interests of the putative class. *See*

Fed. R. Civ. P. 23(g)(2). In making this determination, the Court should consider:

(i)     the work counsel has done in identifying or investigating potential claims in the

action;

(ii)     counsel's experience in handling class actions, other complex litigation, and

claims of the type asserted in the action;

(iii)     counsel's knowledge of the applicable law; and

(iv)     the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

As detailed below, each of the Rule 23(g) factors supports appointment of Rigrodsky &

Long and the Egleston Law Firm as Interim Class Counsel in this case. Not only have Rigrodsky

& Long and the Egleston Law Firm conducted extensive research and investigation to determine

the appropriate claims in this action but they also have comprehensive experience, expertise and

knowledge of the applicable law, as well as the resources to successfully represent the Class. In

addition, Meyer & Horning, as regular practitioners before this Court, is particularly well-suited

to act as interim liaison counsel for the Class.[4]

---

[3]     On June 30, 2010, the Court entered a Minute Order consolidating the *Shane* Action and
the *Kretsinger* Action. *See* Docket No. 15.

[4]     ***Meyer & Horning are 3 miles away from the Court.*** On the other hand, local counsel for
*Kretsinger* Action is approximately 90 miles away.

1.    **Rigrodsky & Long and the Egleston Law Firm Have**
      <u>**Taken Substantial Preliminary Steps to Prosecute this Action**</u>

Rigrodsky & Long and the Egleston Law Firm have already taken substantial steps to prosecute this lawsuit on behalf of the Plan. As shown in the Horning Declaration, Rigrodsky & Long and the Egleston Law Firm have:

- spoken with proposed class members;

- drafted and filed a detailed complaint with careful analysis as to the specific factual circumstances that give rise to this litigation and on which Plaintiff Shane's allegations of ERISA breach of fiduciary duty and imprudence are based;

- served on Defendants a request for all Plan documents pursuant to ERISA § 1024(b) on April 14, 2010 (*see* Horning Decl., Ex. B);

- received and reviewed the Plan documents produced by Defendants;

- served notice of the *Shane* Action on the United States Secretary of the Treasury and Secretary of Labor as required by ERISA § 502(h) (*see* Horning Decl., Ex. C);

- served on Defendants a document preservation letter (*see* Horning Decl., Ex. D);

- executed service of the *Shane* Action on all Defendants; and

- investigated additional claims against Defendants in anticipation of filing a consolidated complaint.

The complaint prepared by Rigrodsky & Long and the Egleston Law Firm is the product of their investigation and analysis of specific issues in this case at the behest of their client. Through many years of experience litigating complex class actions, Rigrodsky & Long and the Egleston Law Firm appreciate the importance of carefully detailing, among other allegations, Defendants' fiduciary status and the specific conduct giving rise to breach of fiduciary duty

claims.   Such specificity can be critical in efforts to overcome challenges to a complaint. Rigrodsky & Long and the Egleston Law Firm's complaint is detailed in this regard.   Further, Rigrodsky & Long and the Egleston Law Firm's investigation and drafting are informed by the specific challenges they have faced in the past, and lessons learned from them.

Rigrodsky & Long and the Egleston Law Firm's efforts in investigating the breaches to the Plan, researching the law, and drafting the complaint filed on behalf of Plaintiff Shane are representative of the substantial steps they have taken to date to advance this litigation, and reflect their expertise in this complex and rapidly developing area of law.

In addition, counsel for Plaintiff Shane has prepared and submitted herewith a proposed order that establishes procedures for the filing and docketing of papers in the action, and in any subsequent action that may hereafter be filed in or transferred to this Court.   These procedures include the establishment of a master docket for the filing of documents relating to the action. Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation.   *See* Manual § 11.12.

**2.      Proposed Interim Class and Liaison
Counsel Are Experienced in Complex Class Actions**

Rule 23(g) of the Federal Rules of Civil Procedure directs that the court appoint class counsel upon certification of a class and permits appointment of interim counsel for the putative class prior to class certification.  Fed. R. Civ. P. 23(g)(2)(A).

"Because of the large number of parties in this ERISA action, efficient management of the action mandates the selection of lead counsel and liaison counsel."  *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 554 (S.D. Ohio 2005) (citing Howard B. Newberg and Alba Conte, *Newberg on Class Actions* § 9.31, at 9-82 (3d ed. 1992)).   In appointing such counsel, the

Manual provides that interim lead counsel and interim liaison counsel shall be responsible for the

following respective responsibilities:

> Lead counsel:  Charged with formulating (in consultation with other counsel) and
> presenting positions on substantive and procedural issues during the litigation.
> Typically they act for the group – either personally or by coordinating the efforts
> of others – in presenting written and oral arguments and suggestions to the court,
> working with opposing counsel in developing and implementing a litigation plan,
> initiating and organizing discovery requests and responses, conducting the
> principal examination of deponents, employing expense arranging for support
> services, and seeing that schedules are met.

> Liaison counsel:  Charged with essentially administrative matters, such as
> communications between the court and other counsel (including receiving and
> distributing notices, orders, motions, and briefs on behalf of the group),
> convening meetings of counsel, advising parties of developments and otherwise
> assisting in the coordination of activities and positions. Such counsel may act for
> the group in managing document depositories and in resolving scheduling
> conflicts.  Liaison counsel will usually have offices in the same locality as the
> court . . . .

Manual § 10.221.

As shown below, Rigrodsky & Long and the Egleston Law Firm are highly experienced

in complex class action litigation and, therefore, well qualified to serve as interim class counsel.

Likewise, Meyer & Horning, which regularly practices before this Court, is well-qualified to act

as interim liaison counsel.

### (a)  Rigrodsky & Long

Rigrodsky & Long's practice focuses on the representation of institutional and individual

shareholders in complex litigation such as corporate and securities class action litigation,

shareholder derivative, consumer fraud, and ERISA litigation. With offices located in

Wilmington, Delaware, and Garden City, New York, Rigrodsky & Long regularly practices

before the Delaware Court of Chancery and in state and federal courts located throughout the

United States. *See* Horning Decl., Ex. E.

Rigrodsky & Long, along with the Egleston Law Firm, was recently appointed interim co-lead counsel in *Fulmer v. Klein, et al.*, Civil Action No. 3:09-CV-2354-N, an ERISA action pending in the Northern District of Texas. In addition, Rigrodsky & Long and the Egleston Law Firm represent plaintiffs in the ERISA actions *Patrick M. Couch v. YRC Worldwide Inc. et al.*, 10-CV-2023 (D. Kansas) and *Brian Grote v. James R. Boris, et al.*, 1:10-cv-00155 (D. Delaware).

Rigrodsky & Long's attorneys have decades of experience successfully prosecuting complex corporate and class action litigation. Recently, Rigrodsky & Long, serving as co-lead counsel, achieved a significant victory for shareholders in connection with a tender offer and merger transaction between CONSOL Energy, Inc. and CNX Gas Corporation, when, after expedited proceedings, the Delaware Court of Chancery ruled that the transaction should be assessed for "entire fairness" and that, on the record before it, plaintiffs had stated valid claims against the defendants. *See In Re Cnx Gas Corp. S'holders Litig.*, Cons. No. 5377-VCL, 2010 Del. Ch. LEXIS 119 (Del. Ch. May 25, 2010).

Seth D. Rigrodsky, one of the firm's founders, has also served as co-chair of plaintiffs' Executive Committee in *In re Lear Corp. S'holders Litig.*, Consol. C.A. No. 2728-VCS (Del. Ch.), in which plaintiffs successfully obtained a preliminary injunction enjoining a shareholder vote on a proposed merger pending the issuance of remedial and supplemental disclosures. Mr. Rigrodsky also previously served a co-lead counsel for plaintiffs in *In re The Topps Co., Inc. S'holders Litig.*, Cons. C.A. No. 2786-VCS, in which, following Mr. Rigrodsky's argument, the Delaware Court of Chancery issued a landmark decision granting plaintiffs' injunction motion. 926 A.2d 58 (Del. Ch. 2007). Prior to founding Rigrodsky & Long, Mr. Rigrodsky was a partner at Milberg Weiss, where he was one of the plaintiffs' lead trial counsel in *In re The Walt Disney*

*Co. Derivative Litig.*, Consol. C.A. No. 15452 (Del. Ch. 2005), a 37-day trial involving allegations that the Walt Disney Company's directors breached their fiduciary duties in connection with the hiring and firing of Michael Ovitz, and the payment a package of benefits that was worth approximately $140 million. Also, while at Milberg Weiss, Mr. Rigrodsky did extensive work on *In re Deutsche Telekom AG Sec. Litig.*, No. 00 Civ. 9475 (SHS) (S.D.N.Y.) (a federal securities class action resulting in a $120 million cash settlement); and *In re Charter Comm., Inc. Sec. Litig.*, MDL Docket No. 1506 (CAS) (a federal securities class action resulting in a $146,250,000 settlement).

Similarly, Timothy J. MacFall has many years of experience successfully litigating complex class actions. For example, at his prior firm, Mr. MacFall was one of four partners responsible for the day-to-day litigation of *In re Marsh & McLennan Companies, Inc. Sec. Litig.*, 04-CV-08144 (CM) (S.D.N.Y. 2009), representing two New Jersey State pension funds in a federal securities class action in which a $400 million cash recovery was achieved on behalf of the company's shareholders. Mr. MacFall also had extensive involvement in *In re Royal Dutch/Shell Transport Sec. Litig.*, No. 04-374 (D. N.J. 2008) (a federal securities class action resulting in a cash settlement with minimum value of $130 million to the U.S. shareholder class), *In re Cigna Corp. Sec. Litig.*, No. 2:02 CV 8088 (E.D. Pa. 2006) (a federal securities class action resulting in a $93 million cash settlement), as well as numerous other successful federal securities class actions. *See* Horning Decl., Ex. E. As a former state prosecutor and former Special Assistant United States Attorney, Mr. MacFall has also tried numerous cases to verdict and argued more than a dozen cases before the United States Court of Appeals for the Second Circuit. *Id.*

### (b)   Egleston Law Firm

The Egleston Law Firm has experience in ERISA litigation and complex litigation generally, and ERISA company stock litigation specifically. Before starting his own firm, Mr. Egleston specialized in securities class action litigation, shareholder derivative actions, and consumer fraud litigation at a prominent Manhattan plaintiffs' class action firm. Mr. Egleston has worked on many high profile class actions such as: *In re Deutsche Telekom A.G. Sec. Litig.* (S.D.N.Y.) ($120 million settlement fund); *In re Willbros Group, Inc. Sec. Litig.* (S.D. Tex.) ($10.5 million settlement fund); *In re Lumenis Sec. Litig.* (S.D.N.Y.) ($20.1 million settlement); *In re Royal Dutch/Shell Transport Sec. Litig.* (D.N.J.) ($130 million settlement); *In re Marsh & McLennan Companies, Inc. Sec. Litig.* ($400,000,000 settlement); *In re United Global Comm., Inc. S'holders Litig.* ($25 million recovery in going-private transactions); *In re Cablevision Sys. Corp. S'holders Litig.* (blocked going-private transaction by controlling shareholder leading to payment of a dividend to shareholders worth approximately $2.5 billion).

The Egleston Law Firm is also involved in two other ERISA class actions with Rigrodsky & Long: (i) *Patrick M. Couch v. YRC Worldwide Inc. et al.*, 10-cv-2023 (D. Kan.) and (ii) *Brian Grote v. James R. Boris, et al.*, 10-cv-00155 (D. Del.) (the "*Grote* Action"). The *Grote* Action has been scheduled for mediation before the Honorable Daniel Weinstein (Ret.) on September 23, 2010 in New York City. Moreover, the Egleston Law Firm is also involved in the following ERISA class actions: *Ralph Whitley v. BP, p.l.c., et al.*, Civil Action No.: 10-cv-4935 (S.D.N.Y.). *See* Horning Decl. at Ex. F. The Egleston Law Firm (along with Rigrodsky & Long) has also been appointed co-lead counsel in an ERISA class action pending in the Northern District of Texas (Dallas Division) entitled *Fulmer v. Klein, et al.*, Civil Action No. 09-cv-2354-N.

(c)   **Meyer & Horning, P.C.**

Meyer & Horning, located in Rockford, Illinois, has represented a variety of business, corporate and governmental clients in Federal and state courts in the Northern District of Illinois for more than 25 years. *See* Horning Decl., Ex. G. Timothy F. Horning has experience in multi-party litigations having served as lead counsel in a multi-plaintiff employment discrimination case, *Woodard v. Tower Automotive*, 2000 C 50459. *Id.*

3.   **Proposed Interim Class Counsel Have Adequate**
     **Resources to Effectively Litigate This Action on Behalf of the Class**

Counsel for Plaintiff Shane not only have extensive experience litigating complex matters, but have demonstrated that they have adequate resources to devote to the prosecution of such actions. For example, Rigrodsky & Long routinely litigates multiple complex transactional matters on an expedited basis before the Delaware Chancery Court, and presently serves in leadership positions in multiple class action litigations throughout the United States. *See* Horning Decl., Ex. E. Likewise, the Egleston Law Firm is actively involved in numerous complex litigations, including its role as co-lead counsel in *Fulmer v. Klein, et al.*, Civil Action No. 09-cv-2354-N. By pooling resources, Rigrodsky & Long and the Egleston Law Firm are able to ensure that cases are efficiently, but adequately staffed by experienced litigators.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff Shane respectfully requests that the Court (i) appoint

Rigrodsky & Long and the Egleston Law Firm, as Interim Class Counsel for the proposed class;

and (ii) appoint their designated local counsel, Meyer & Horning, P.C., as the Interim Liaison

Counsel for the proposed class.

Dated: August 18, 2010

Respectfully submitted,

**MEYER & HORNING, P.C.**


By: */s/ Timothy F. Horning*
Timothy F. Horning
3400 North Rockton Avenue
Rockford, Illinois 61103
Telephone: (815) 636-9300
Facsimile: (815) 636-9352
Email: thmeyerhorning@aol.com

**EGLESTON LAW FIRM**
Gregory M. Egleston
360 Furman Street, Suite 443
Brooklyn, NY 11201
Telephone: (646) 227-1700
Facsimile: (646) 227-1701
Email: egleston@gme-law.com
Email: greg.egleston@gmail.com

**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky
Brian D. Long
919 North Market Street, Suite 980
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rigrodskylong.com
Email: bdl@rigrodskylong.com

-and-

Timothy J. MacFall
585 Stewart Avenue, Suite 304
Garden City, NY 11530
Telephone (516) 683-3516
Email: tjm@rigrodskylong.com

***Attorneys for Plaintiff Merry F. Shane***

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MERRY F. SHANE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMCORE FINANCIAL, INC., JOHN A. HALBROOK, FREDERICK D. HAY, STEPHEN S. ROGERS, JOHN W. GLEESON, WILLIAM R. MCMANAMAN, JACK D. WARD, PAULA A. BAUER, PAUL DONOVAN, TERESA IGLESIAS-SOLOMON, JUDITH CARRÈ SUTFIN, DONALD H. WILSON, and DOES 1-20,<br><br>Defendants. | Civil Action No.: 3:10-cv-50089<br>*(Consolidated with Civil Action No. 3:10-cv-50132)* |

**DECLARATION OF TIMOTHY F. HORNING IN SUPPORT OF PLAINTIFF MERRY F. SHANE'S MOTION FOR APPOINTMENT OF INTERIM CLASS AND LIAISON COUNSEL**

I, Timothy F. Horning, declare:

1.    I am a member with Meyer & Horning, P.C., counsel of record for Plaintiff Merry F. Shane.  I make this declaration in support of Plaintiff Merry F. Shane's Motion for Appointment Interim Lead Counsel and Interim Liaison Counsel.

2.    Attached hereto as Exhibit A is a true and correct copy of the Declaration of Timothy J. MacFall in Support of Motion for Appointment Interim Class and Interim Liaison Counsel.

3.      Attached hereto as Exhibit B is a true and correct copy of Plaintiff's letter, dated April 14, 2010, to Ms. Judith Carré Sutfin (Executive Vice President and Chief Financial Offer of Amcore Financial Inc.) requesting Plan documents.

4.      Attached hereto as Exhibit C is a true and correct copy of Plaintiff's letter, dated June 30, 2010, to the United States Secretary of the Treasury and Secretary of Labor enclosing Plaintiff's complaint.

5.      Attached hereto as Exhibit D is a true and correct copy of Plaintiff's letter, dated June 3, 2010, to Defendants' counsel requesting preservation of documents.

6.      Attached hereto as Exhibit E is a true and correct copy of the firm biography of Rigrodsky & Long, P.A.

7.      Attached hereto as Exhibit F is a true and correct copy of the firm biography of the Egleston Law Firm.

8.      Attached hereto as Exhibit G is a true and correct copy of the firm biography of Meyer & Horning, P.C.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 18, 2010

                              /s/ Timothy F. Horning
                              Timothy F. Horning