UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MERRY F. SHANE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMCORE FINANCIAL, INC., JOHN A. HALBROOK, FREDERICK D. HAY, STEPHEN S. ROGERS, JOHN W. GLEESON, WILLIAM R. MCMANAMAN, JACK D. WARD, PAULA A. BAUER, PAUL DONOVAN, TERESA IGLESIAS-SOLOMON, JUDITH CARRÈ SUTFIN, DONALD H. WILSON, and DOES 1-20,<br><br>Defendants. | Civil Action No.: 3:10-cv-50089<br>(*Consolidated with Civil Action No. 3:10-cv-50132*) |

DECLARATION OF TIMOTHY J. MACFALL
IN SUPPORT OF MOTION FOR APPOINTMENT
INTERIM CLASS AND INTERIM LIAISON COUNSEL

I, TIMOTHY J. MACFALL, hereby declare that:

1. I am a member of Rigrodsky & Long, P.A., co-counsel, along with the Egleston Law Firm, for plaintiff Merry F. Shane ("Plaintiff Shane") in the above-captioned action (the *Shane* Action). I submit this declaration in further support of Plaintiff Shane's motion for appointment of interim class counsel and interim liaison counsel.

2. The *Shane* Action was filed in this Court on or about April 14, 2010. On or about May 24, 2010, the action entitled *Michelle Kretsinger and Keith Kretsinger v. Amcore Financial, Inc., et al.*, Civil Action: 10-cv-50132 (the "*Kretsinger* Action") was also filed in this Court.


EXHIBIT A

3. On or about June 14, 2010, I called counsel for plaintiff in the *Kretsinger* Action to propose that the actions be consolidated and the counsel work cooperatively to prosecute the cases. Specifically, I intended to, and ultimately did, propose that one of the counsel for Plaintiff Shane and counsel for plaintiff in the *Krestinger* Action seek appointment as interim co-lead counsel and that work on the cases be done an equal, 50/50 basis. I was unable to reach counsel at that time and left a voicemail.

4. The following day, June 15, 2010, I received a voicemail from counsel in the *Krestinger* Action in which counsel proposed consolidating the actions, and that they serve as interim lead counsel, with counsel for Plaintiff Shane accepting a lesser role. Specifically, counsel for plaintiffs in the *Kretsinger* Action proposed that counsel in the *Shane* Action accept a 25% interest in the case, subject to an upward adjustment of up to 30% based on the number of hours actually worked on this case.

5. I had subsequent conversations with Edward W. Ciolko of Barroway Topaz Kessler Meltzer & Check, LLP, counsel for plaintiffs in the *Kretsinger* Action, during which we discussed our respective proposals and positions. Unfortunately, counsel have been unable to reach any compromise of their respective positions.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: August 17, 2010

_____
TIMOTHY J. MACFALL