# *Egleston Law Firm*

360 Furman Street
Suite 443
Brooklyn, NY 11201
E-mail: greg.egleston@gmail.com
Email: egleston@gme-law.com
Website: www.gme-law.com

Tel: (646) 227-1700

Fax: (646) 227-1701

June 3, 2010

**Via Electronic Mail And First Class Mail**

Deborah S. Davidson, Esq.
Morgan Lewis & Bockius LLP
77 West Wacker Drive
Chicago, IL 60601-5094

    Re:    *Merry E. Shane v. Amcore Fin., Inc., et al.*, Civil Action No.: 10cv50089

Dear Ms. Davidson:

    I write on behalf of Plaintiff in the above-referenced action to address your clients' document preservation obligations with respect to both hard copy and electronic data related to this litigation.

    Defendants are mandated to preserve documents that are the subject of Plaintiff's Complaint or otherwise may be relevant to the above-referenced action. Such requirement to preserve documents is an "'affirmative obligation,' which arises 'when the party in possession of the evidence knows that litigation by the party seeking the evidence is pending or probable and the party in possession of the evidence can foresee the harm or prejudice that would be caused to the party seeking the evidence if the evidence were to be discarded.'" *Hohider v. United Parcel Service, Inc.*, 257 F.R.D. 80, 82 (W.D. Pa. 2009) (citing *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)). Thus, Defendants are "under a duty to preserve what [they] kno[w], or reasonably should know, will likely be requested in reasonably foreseeable litigation." *See id.* (citing *Scott v. IBM Corp.*, 196 F.R.D. 233, 249 (D.N.J. 2000)).

    Allow me to specifically note that Defendants have an ongoing preservation obligation with respect to all routine destruction of electronically stored information ("ESI"), including, but not limited to, ensuring that periodic purges of e-mail or e-mail accounts and destruction or overwriting of back-up data, cease during the pendency of this litigation or until all documents, including native file formats and associated metadata, can be copied and preserved as a complete and forensically verified copy of the files on CD/DVD-ROM, external hard drive, or other sustainable media. If potentially relevant ESI or other documents are currently held or managed



EXHIBIT D

*Ms. Deborah S. Davidson*
*June 3, 2010*
*Page 2*

by a third party on behalf of Amcore Financial, Inc. ("Amcore"), the third party shall be instructed to maintain and preserve that data in accordance with this request. Third parties include, but are not limited, accountants, data/application service or storage providers, consultants, and contractors.

In addition, Plaintiff seeks preservation of certain tangible objects, including the following: (i) data back-up systems, including tapes, CD/DVD-ROM, or internal and external hard drives; (ii) network servers, including e-mail servers; (iii) voicemail systems; (iv) shared network hard drives or storage devices; (v) individual storage drives on desktop or laptop computers (these drives include, but are not limited to, internal, external, and flash/thumb drives); (vi) personal data devices such as portable data devices, personal data assistants, iPods, and Blackberrys/Smartphones/handheld computers; (vii) electronic cameras; and (viii) cell phones.

All tangible objects should be maintained in their original condition. Plaintiff requests that Amcore provide confirmation that the above-described documents and tangible objects have been and will continue to be preserved as is required by Fed. R. Civ. P. 34. Please feel free to contact me should you have any questions.

Very truly yours,

Gregory M. Egleston

cc: Timothy J. MacFall (Via Email)