# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| MERRY F. SHANE, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No.: 3:10-cv-50089 (*Consolidated with Civil Action No. 3:10-cv-50132*) |
| Plaintiff, | : : : : |  |
| v. | : : |  |
| AMCORE FINANCIAL, INC., JOHN A. HALBROOK, FREDERICK D. HAY, STEPHEN S. ROGERS, JOHN W. GLEESON, WILLIAM R. MCMANAMAN, JACK D. WARD, PAULA A. BAUER, PAUL DONOVAN, TERESA IGLESIAS-SOLOMON, JUDITH CARRÈ SUTFIN, DONALD H. WILSON, and DOES 1-20, | : : : : : : : : : : | |
| Defendants. | : : : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MICHELLE KRETSINGER AND KEITH KRETSINGER'S MOTION FOR APPOINTMENT OF <u>INTERIM CLASS COUNSEL</u>

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................1

II.    PROCEDURAL HISTORY..................................................................................3

III.   ARGUMENT ......................................................................................................3

     A.   Proposed Interim Class Counsel and Liaison Counsel Should Be
          Approved....................................................................................................3

          1.   BTKMC Has Demonstrated A Commitment To Identifying And
                  Investigation Potential Claims In This Action.............................................5

          2.   BTKMC Has Experience In Class Actions And Other Complex
                  Litigation, The Claims Asserted In This Case, And Has
                  Knowledge Of The Law Applicable In This Case.......................................8

          3.   BTKMC Has The Resources Necessary To Represent The
                  Proposed Class...........................................................................................13

     B.   Proposed Interim Liaison Class Counsel ..............................................14

IV.    CONCLUSION....................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Brieger v. Tellabs, Inc.,*
    473 F. Supp. 2d 878 (N.D. Ill. 2007) ...................................................................................11

*Dann v. Lincoln National Corp. et al.,*
    No. 08-CV-5740, 2010 WL 1644276 (E.D. Pa. Apr. 20, 2010) ...........................................11

*Dresslar v. Wellpoint, Inc. et al.,*
    No. 08-CV-00679-DFH-TAB (S.D. Ind. May 22, 2008) .......................................................9

*Evans v. Akers,*
    534 F.3d 65 (1st Cir. 2008) ..................................................................................................11

*Gee v. UnumProvident Corp.,*
    No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005) .........................................11

*Hill v. BellSouth Corp.,*
    313 F. Supp. 2d 1361 (N.D. Ga. 2004) ...............................................................................11

*In re ADC Telecomms., Inc. ERISA Litig.,*
    No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004) ...........................................11

*In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.,*
    No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005) ...........................................11

*In re Bear Stearns Co., Inc. Securities, Derivative, and ERISA Litig.,*
    No. 08-mdl-1963, 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) .......................................8, 9, 10

*In re Global Crossing Securities and ERISA Litig.,*
    225 F.R.D. 436 (S.D.N.Y. 2004) .........................................................................................12

*In re Hartford Fin. Svc. Grp. Inc. ERISA Litig.,*
    No. 08-CV-01708, 2010 WL 135186 (D. Conn. Jan. 13, 2010) ..........................................11

*In re Honeywell Intern. ERISA Litig.,*
    No. 03-CV-1214, 2004 WL 3245931 (D.N.J. Sept. 14, 2004) ............................................11

*In re JDS Uniphase Corp. ERISA Litig.,*
    No. 03-CV-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005) ........................................11

*In re Merck & Co., Inc. Vytorin ERISA Litig.,*
    No. 08-CV-1974, 2009 WL 2834792 (D.N.J. Sept. 1, 2009) ..............................................11

*In re Polaroid ERISA Litig.,*
    362 F. Supp. 2d 461 (S.D.N.Y. 2005) .................................................................................11

*In re Schering-Plough Corp. ERISA Litig.*,
    420 F.3d 231 (3d Cir. 2005)................................................................11

*In re Sears, Roebuck & Co. ERISA Litig.*,
    No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. Mar. 3, 2004)..................11

*In re Syncor ERISA Litig.*,
    351 F. Supp. 2d 970 (C.D. Cal. 2004) ...............................................11

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008) ...........................................................11

*In re: Merck & Co., Inc. Sec. Derivative & ERISA Litig.*,
    No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006)..................11

*Nowak v. Ford Motor Co.*,
    240 F.R.D. 355 (E.D.M.I. 2006) ("*Ford*").........................................8, 9

*Woods v. Southern Co.*,
    396 F. Supp. 2d 1351 (N.D. Ga. 2005) ...............................................11

**FEDERAL STATUTES**

29 U.S.C. §§ 1109...................................................................................3

29 U.S.C. § 1132(a)(2)......................................................................1, 3, 11

Plaintiffs Michelle Kretsinger and Keith Kretsinger ("Kretsinger Plaintiffs" or "Plaintiffs") respectfully submit this memorandum of law in support of their motion for appointment of the law firm of Barroway Topaz Kessler Meltzer & Check, LLP ("BTKMC") as Interim Class Counsel with the law firm of Lasky & Rifkind, LTD ("Lasky & Rifkind") as Interim Liaison Class Counsel.

## I. INTRODUCTION

On June 30, 2010, this Court entered an order consolidating *Kretsinger, et al. v. Amcore Financial, Inc., et al.*, Case No. 3:10-cv-50132-FJK (PMM), which was initiated by the Kretsinger Plaintiffs on May 24, 2010 ("*Kretsinger* Complaint"), with *Shane v. Amcore Financial, Inc., et al.*, Case No. 3:10-cv-50089-FJK(PMM), which was initiated by Plaintiff Merry F. Shane on April 14, 2010, for all purposes pursuant to FED. R. CIV. P. 42(a) with the consolidated matter proceeding under the *Shane* docket (the consolidated action is hereinafter referred to as the "Consolidated ERISA[1] Action"). The *Kretsinger* Complaint was brought against Amcore Financial, Inc. ("Amcore" or the "Company") and related ERISA fiduciaries, collectively, "Defendants," on behalf of the Amcore Financial Security Plan (the "Plan"), the Kretsinger Plaintiffs and a class of affected Plan participants.

Both actions in the Consolidated ERISA Action assert that Defendants breached their fiduciary duties under ERISA §§ 409, 502(a)(2), 29 U.S.C. §§ 1109, 1132(a)(2) in connection with the continued offering of Amcore stock as an investment option in the Plan, and maintenance of the significant pre-existing Plan investment in Amcore stock, despite the fact that the Defendant-fiduciaries knew or should have known Amcore stock to be an imprudent investment. In particular, as the Kretsinger Plaintiffs allege, Amcore stock was an imprudent

---

[1]       Employee Retirement Income Security Act of 1974.

investment during the relevant time period (or "Class Period")[2] because, *inter alia*:, (a) Amcore Bank, N.A. ("Amcore Bank"), the Company's principal subsidiary, was blindly sacrificing conservative lending practices in favor of rapid expansion; (b) Amcore Bank was failing to take adequate and appropriate steps to ensure that it remained adequately capitalized; (c) Amcore Bank was engaging in unsound and unsafe banking practices, including poor credit underwriting and administration practices in its commercial lending division; (d) Amcore Bank's poor underwriting practices and failure to retain adequate capital left it exposed to enormous losses from construction and development loans in its portfolio; and (e) heavy investment of employees' retirement savings in Company stock would inevitably result in significant losses to the Plan and, consequently, to its participants.

As set forth in greater detail below, the interests of the proposed class will be best served by the Court's appointment of BTKMC as Interim Class Counsel with Lasky & Rifkind as Interim Liaison Class Counsel.  BTKMC has one of the nation's largest legal departments dedicated to ERISA breach of fiduciary duty class action litigation and has been named lead or co-lead counsel in several dozen analogous actions across the country (including multiple cases within the Seventh Circuit).  In addition, the firm (a) is responsible for numerous landmark decisions – both at the District Court and Circuit Court level – in this complex and evolving field and (b) has recovered hundreds of millions of dollars on behalf of ERISA pension plan participants.

Accordingly, FED. R. CIV. P. 23(g) strongly supports the appointment of the counsel structure proposed by the Kretsinger Plaintiffs.

---

[2]     The proposed Class Period is from May 3, 2007 to the present (the "Class Period").  *See Kretsinger* Complaint ¶ 43.

## II.    PROCEDURAL HISTORY

As noted above, on June 30, 2010, this Court entered an order establishing the Consolidated ERISA Action.  On July 28, 2010, the Court entered an Order establishing a briefing schedule for motions filed pursuant to FED. R. CIV. P. 23(g).  The instant memorandum is filed pursuant to this Court Order.  Lastly, a telephonic status hearing before the Court is set for October 29, 2010.

## III.   ARGUMENT

### A.    Proposed Interim Class Counsel and Liaison Counsel Should Be Approved

Pursuant to the procedures suggested by the *Manual for Complex Litigation* (4th ed. 2004) (the "*Manual*") in complex, multi-party cases such as this, interim class counsel should be designated for plaintiffs.  *See Manual* § 10.22, 40.22.  *See also* FED. R. CIV. P. 23(g)(3) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification).  As stated in the *Manual*, in determining lead counsel, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Id.* at § 10.22.  Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221.

Federal Rule of Civil Procedure 23(g)(2) provides that an applicant seeking appointment as class counsel must be found to be adequate under Rule 23(g)(1) and (4).  FED R. CIV. P. 23(g)(2).  Rule 23(g)(1), in turn, identifies specific factors that the Court must consider (Rule 23(g)(1)(A)(i)-(iv)), as well as additional factors that the Court may consider (Rule 23(g)(1)(B)-

3

(E)), in determining the adequacy of counsel.  Specifically, Rule 23(g)(1)(A) provides that the Court, in appointing class counsel, must consider:

- the work counsel has done in identifying or investigating potential claims in the action,

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and

- the resources counsel will commit to representing the class.

Per the *Manual*, Plaintiffs propose the following structure and respectfully submit that such designation will promote the orderly progress of this litigation, and ensure that Plaintiffs are able to prosecute this litigation in an efficient and coordinated fashion.

**Proposed Interim Class Counsel**

Joseph H. Meltzer
Edward W. Ciolko
**Barroway Topaz Kessler Meltzer & Check, LLP**

**Proposed Interim Liaison Class Counsel**

Norman Rifkind
**Lasky & Rifkind, LTD.**

As detailed below, numerous courts from across the country in analogous cases have determined that BTKMC satisfied these requirements of Rule 23(g), and was therefore well-qualified to serve as interim class counsel in exactly this type of class action litigation.  Plaintiffs respectfully suggest that a similar determination is warranted here.  Pursuant to the above structure, BTKMC would be charged with the responsibility for the day-to-day conduct of the litigation and for carrying out the orders of the Court concerning the conduct of the litigation,

including "presenting written and oral arguments and suggestions to the court [and] working with opposing counsel in developing and implementing a litigation plan." *Manual* §10.221. Further, per the *Manual,* Proposed Interim Liaison Class Counsel would be "charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group)." *Manual* §10.221.

    1.    **BTKMC Has Demonstrated A Commitment To Identifying And Investigating Potential Claims In This Action**

The first factor under FED. R. CIV. P. 23(g)(1)(C)(i), which focuses on the work counsel has done to advance the litigation, strongly favors the appointment of BTKMC as Interim Class Counsel for the proposed class.  BTKMC has dedicated substantial resources to investigating and advancing Plaintiffs' claims by, *inter alia*, extensively investigating the Plan's investments, Plan-related documents, the fiduciaries alleged wrongdoing, the Company's financial statements, public pronouncements, public agency filings, as well as media and other reports.  Upon conclusion of its initial factual investigation, BTKMC, with Plaintiffs' guidance and approval, prepared and filed the extensive and detailed *Kretsinger* Complaint.  The *Kretsinger* Complaint describes the Plan, its structure and relevant provisions as well as the identity and various duties and responsibilities of the Plan's fiduciaries.  For example, the *Kretsinger* Complaint explains the workings of the Plan and cites to public records to establish and substantiate the fiduciary roles and functions of each of the named Defendants with respect to the investment of Plan assets and other fiduciary duties the Defendants are alleged to have breached.  The *Kretsinger* Complaint also articulates when and how Amcore common stock became an imprudent investment for the Plan's participants' retirement savings.

In short, the *Kretsinger* Complaint alleges who the Plan's fiduciaries were, the scope of their respective duties, and how these duties were breached.  The allegations are detailed and specific and based on BTKMC's significant analogous experience.

Moreover, as part of its ongoing investigation, BTKMC has requested documents pertaining to the Plan and its fiduciary oversight and management from Defendants pursuant to ERISA § 104(b)(4).  *See* Declaration of Edward W. Ciolko In Support of Motion For Entry of [Proposed] Pretrial Order No. 1 Consolidating Cases, Appointing Interim Class Counsel and Establishing Pretrial Procedures ("Ciolko Decl."), Exhibit A.  By letter dated June 18, 2010, Counsel for Defendants responded to BTKMC's request providing several categories of documents, including the operative Plan document, its amendments, a Summary Plan Description, Form 11-K annual reports filed on behalf of the Plan with the Securities and Exchange Commission ("SEC"), and Form 5500s filed on behalf of the Plan with the U.S. Department of Labor ("DOL")/Internal Revenue Service ("IRS").  BTKMC has also prepared and served a letter upon Defendants regarding the need to preserve all potentially relevant evidence, including electronically stored information.  *See* Exhibit B to the Ciolko Decl. Defendants responded to the letter on July 7, 2010.  *See* Exhibit C to the Ciolko Decl.  Plaintiffs also responded to Defendants' request to confirm that Plaintiffs had also preserved all potentially relevant evidence, including electronically stored information. *See* Exhibit D to the Ciolko Decl.

Further, BTKMC served Freedom of Information Act Requests for Records pursuant to the Freedom of Information Act, 5 U.S.C. § 552 which were sent to the Office of the Comptroller of Currency ("OCC").  *See* Ciolko Decl. Exhibit E through Exhibit H.  Specifically, four separate letters were sent to two different branches of the OCC requesting documents relating to both Amcore and Harris National Association ("Harris"), a subsidiary of Amcore.  In

general, BTKMC requested, on behalf of Plaintiffs, the following types of documents and information:

- Any documents or communications concerning investigations or examinations into the banking practices of Amcore or Harris.

- Any documents or communications concerning supervisory actions against Amcore or Harris.

- Any other documents or communications concerning Amcore or Harris including, but not limited to, negotiations, settlements or cease and desist orders.

On August 2, 2010, the OCC responded to BTKMC's letter with regard to Amcore. The OCC provided copies of "enforcement actions" taken by the OCC against Amcore. *See* Ciolko Decl. Exhibit I. BTKMC will be negotiating with the OCC in an attempt to obtain additional documents. Further, on August 4, 2010, the OCC responded with regard to the request for documents and information related to Harris. *See* Ciolko Decl. Exhibit J. The OCC informed BTKMC it had no responsive documents regarding BTKMC's requests.

Additionally, pursuant to ERISA § 502(h), Plaintiffs mailed a copy of their complaint to the DOL and U.S. Department of Treasury by certified mail. *See* Ciolko Decl. Exhibit K and Exhibit L, respectively.

In short, BTKMC has already engaged in very substantial work in this matter and has taken all necessary steps to protect the interests of the Plaintiffs and putative Class. Based on BTKMC's prior experience in bringing, pursuing, and resolving ERISA claims such as those asserted here, proposed Interim Class Counsel fully understands the substantial investment of time and resources necessary to properly pursue and lead this action, and is committed to making the necessary investment in this case.

2.      **BTKMC Has Experience In Class Actions And Other Complex Litigation, The Claims Asserted In This Case, And Has Knowledge Of The Law Applicable In This Case**

The second and third Rule 23(g) factors – the most persuasive factors – also demonstrate that BTKMC is more than qualified to serve as Interim Class Counsel in this Consolidated ERISA Action.   Indeed, in an analogous action with competing motions for appointment as interim class counsel, the United States District Court for the Eastern District of Michigan, in appointing BTKMC, noted that the firm "has extensive experience litigating ERISA breach of fiduciary class actions," and that "[i]n addition to its extensive litigation experience, the firm has also successfully engaged in extensive, intricate and successful settlement negotiations and mediation involving ERISA claims."  *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 362 (E.D.M.I. 2006) ("*Ford*").   Relying upon BTKMC's experience, the *Ford* court appointed BTKMC as interim class counsel despite competing motions from other law firms.  *Id.* at 361, citing *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (explaining that the "most persuasive" factor in choosing lead counsel pursuant to Rule 23(g) may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").   *See also In re Bear Stearns Co., Inc. Securities, Derivative, and ERISA Litig.*, No. 08-mdl-1963, 2009 WL 50132, at *11-12 (S.D.N.Y. Jan. 5, 2009) (citing *In re Terzaosin Hydrochloride* and *Ford*, and appointing BTKMC interim class counsel noting that the firm's "expertise in the area of ERISA breach of fiduciary class actions has been recognized by courts throughout the country who have appointed them lead or co-class action counsel in many cases alleging causes of action similar to those claimed here.")

BTKMC specializes in complex class action litigation, representing investors, employees and consumers in class actions pending in state and federal courts throughout the United States.

8

During its successful history, the firm has recovered over a billion dollars for class members. The firm has developed a nationwide reputation for excellence and is able to manage all aspects of complex class action litigation with particular expertise in ERISA and securities litigation.[3]

BTKMC is comprised of 70 attorneys and a support staff consisting of 100 paralegals, secretaries, file clerks, interns, and administrative personnel in two offices (Radnor, PA and San Francisco, CA), providing abundant resources necessary to litigate any case.  Acknowledging the firm's history and track record of impressive results, courts have not hesitated to appoint BTKMC as interim class counsel in numerous ERISA breach of fiduciary duty class actions, directly analogous to the instant matter.[4]   Courts in this District have reached the same conclusion.  *See, e.g.*, *In re R.H. Donnelley ERISA Litig.*, No. 09-CV-07571 (N.D. Ill. Mar. 16, 2010) (appointed as Interim Co-Lead Counsel); *Brieger v. Tellabs, Inc. et al.*, No. 06-CV-1882 (N.D. Ill. June 28, 2006); (appointed as Co-Lead Counsel with two other firms) *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02-CV-8324 (N.D. Ill. Mar. 13, 2003) (appointed as Co-Lead Interim Class Counsel with other firms).

As noted above, BTKMC was recently appointed Interim Co-Lead Class Counsel in *In Re: Bear Stearns Companies, Inc. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litig.*, MDL No. 1963, 2009 WL 50132 (S.D.N.Y. Dec. 29, 2008) ("*Bear*

---

[3]     *See also* firm biography of BTKMC, attached to Ciolko Decl. as Exhibit M.

[4]     *See, e.g.*, *In re Advanta Corp. ERISA Litig.*, No. 09-CV-04974 (E.D. Pa. June 4, 2010); *In re R.H. Donnelley ERISA Litig.*, No. 09-CV-07571 (N.D. Ill. Mar. 16, 2010); *In re: SLM Corp. ERISA Litig., et al.*, No. 08-CV-4334 (S.D.N.Y. Sept. 30, 2008); *Dresslar v. Wellpoint, Inc. et al.*, No. 08-CV-00679-DFH-TAB (S.D. Ind. May 22, 2008); *Grosick v. National City Corp. et al.*, No. 08-CV-00144-PAG (N.D. Ohio Jan. 17, 2008); *In re Beazer Homes USA, Inc. ERISA Litig.*, No. 07-CV-00952-RWS (N.D. Ga. Apr. 30, 2007); *Nowak*, 240 F.R.D. at 355; *In re Lear ERISA Litig.*, No. 06-CV-11735 (E.D. Mich. Apr. 10, 2006); *In re Raytheon ERISA Litigation*, No. 03-CV-10940-RGS (D. Mass. Mar. 19, 2003); *Gee v. UnumProvident Corp.*, No. 03-CV-1552 (E.D. Tenn. Sept. 3, 2003); *In re Westar Energy Inc. ERISA Litig.*, No. 03-CV-4032 (D. Kan. Mar. 7, 2003); *Koch v. Loral Space & Commc'ns Ltd.*, No. 03-CV-9729 (S.D.N.Y. Dec. 8, 2003); *In re Honeywell ERISA Litig.*, No. 03-CV-1214 (D.N.J. Oct. 22, 2004); *Wilson v. Federal Home Loan Mortgage Corp.*, MDL No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Apr. 7, 2004); *In re Schering-Plough Corp. ERISA Litig.*, No. 03-CV-1204.

Stearns").[5]   Following full and extensive briefing for three competing motions to appoint a

leadership structure, and oral argument regarding same, the district court in *Bear Stearns*

appointed BTKMC as Interim Co-Lead Class Counsel, stating:

> While there is no question that all of the law firms representing
> ERISA Plaintiffs in this action have impressive resumes and are
> highly qualified to serve as interim lead counsel, after a careful
> review of each law firm's knowledge and experience in
> prosecuting ERISA class action cases, the Court appoints the
> Howard Plaintiffs interim co-lead plaintiffs and [BTKMC] . . .
> interim lead counsel.

*Bear Stearns*, 2009 WL 50132, at *11.[6]

Indeed, the firm's ERISA litigation department is one of the foremost in the country, as

recognized by the Honorable Julie A. Robinson at the final fairness hearing in *In re Westar*

*Energy ERISA Litig.*, No. 03-CV-4032-JAR, at 33 (D. Kan. July 27, 2006)[7] ("Class counsel

[Barroway Topaz] is experienced, nationally recognized in this field, and had the requisite skill

necessary to perform the legal services required in cases as complex as this.")  The Honorable

Richard W. Story, United States District Judge, in *In re Mirant Corp. ERISA, et al.*, No. 1:03-

CV-1027-RWS (N.D. Ga. Nov. 16, 2006),[8] reached the same conclusion in an analogous action.

("Class Counsel . . . are obviously eminently qualified to bring and pursue this litigation.")

In the course of prosecuting analogous ERISA class actions as lead or co-lead counsel,

BTKMC has prepared numerous consolidated pleadings, responded to motions to dismiss and

summary judgment motions, propounded discovery requests and reviewed hundreds of

---

[5]      Attached to the Ciolko Decl. as Exhibit N.

[6]      Prior to November 2008, BTKMC was known as Schiffrin Barroway Topaz & Kessler (or SBTK, as
referenced in the *Bear Stearns* opinion).

[7]      Attached to the Ciolko Decl. as Exhibit O.

[8]      Attached to the Ciolko Decl. as Exhibit P.

thousands of pages, if not millions, of plan-related documents and related information. Indeed, the firm's litigation efforts have resulted in favorable court opinions in a number of ERISA actions denying defendants' motions to dismiss or for summary judgment.[9]

BTKMC has also prevailed in appeals before the First, Third and Ninth Circuits resulting in seminal decisions that have helped shape this still relatively novel area of ERISA jurisprudence. For instance, in *Evans v. Akers*, 534 F.3d 65 (1st Cir. 2008), BTKMC successfully argued that former employees who have received lump sum distributions of the entire balance of their retirement plan have standing to sue under ERISA for fiduciary breaches arising from actions taken during their participation in the plan. *See also In re Schering-Plough Corp. ERISA Litig.*, 420 F.3d 231 (3d Cir. 2005) (finding that a subset of participants in a defined contribution plan had standing to sue on behalf of the plan pursuant to ERISA § 502(a)(2)); *In re Syncor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008) (overturning district court's grant of summary judgment).

Moreover, BTKMC is one of only a very few firms in the country with trial experience in ERISA "employer securities" fiduciary breach class actions. In May of 2009, BTKMC as Co-Lead Class Counsel, completed trial in *Brieger v. Tellabs, Inc.*, No. 06-CV-01882 (N.D. Ill.), an

---

[9]    *See, e.g., Dann v. Lincoln National Corp. et al.*, No. 08-CV-5740, 2010 WL 1644276 (E.D. Pa. Apr. 20, 2010); *In re Hartford Fin. Svc. Grp. Inc. ERISA Litig.*, No. 08-CV-01708 (PCD), 2010 WL 135186 (D. Conn. Jan. 13, 2010); *In re Merck & Co., Inc. Vytorin ERISA Litig.*, No. 08-CV-1974, 2009 WL 2834792 (D.N.J. Sept. 1, 2009); *Board of Trustees of the AFTRA Retirement Fund, et al. v. JPMorgan Chase Bank, N.A., et al.*, No. 09-CV-00686 (S.D.N.Y. May 28, 2009); *Brieger v. Tellabs, Inc.*, 473 F. Supp. 2d 878 (N.D. Ill. 2007); *In re Lear ERISA Litig.*, No. 06-CV-11735 (S.D. Mich. Apr. 10, 2006); *Woods v. Southern Co.*, 396 F. Supp. 2d 1351 (N.D. Ga. 2005); *In re: Merck & Co., Inc. Sec. Derivative & ERISA Litig.*, No. 05-CV-2369, 2006 WL 2050577 (D.N.J. July 11, 2006); *In re JDS Uniphase Corp. ERISA Litig.*, No. 03-CV-04743, 2005 WL 1662131 (N.D. Cal. July 14, 2005); *Gee v. UnumProvident Corp.*, No. 03-CV-0147, 2005 WL 534873 (E.D. Tenn. Jan. 13, 2005); *In re Honeywell Intern. ERISA Litig.*, No. 03-CV-1214, 2004 WL 3245931 (D.N.J. Sept. 14, 2004); *In re ADC Telecomms., Inc. ERISA Litig.*, No. 03-CV-2989, 2004 WL 1683144 (D. Minn. July 26, 2004); *In re Sears, Roebuck & Co. ERISA Litig.*, No. 02-CV-8324, 2004 WL 407007 (N.D. Ill. Mar. 3, 2004); *Falk v. Amerada Hess Corp.*, No. 03-CV-2491 (D.N.J. May 10, 2004); *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970 (C.D. Cal. 2004); *In re CIGNA Corp. ERISA Litig.*, No. 03-CV-00714 (JPF) (E.D. Pa. Aug. 2, 2004); *In re AOL Time Warner, Inc., Sec. & "ERISA" Litig.*, No. 02-CV-8853, 2005 WL 563166 (S.D.N.Y. Mar. 10, 2005); *Hill v. BellSouth Corp.*, 313 F. Supp. 2d 1361 (N.D. Ga. 2004); *Wilson v. Federal Home Loan Mortgage Corp.*, MDL No. 1584, No. 04-CV-2632 (JES) (S.D.N.Y. Feb. 7, 2005); *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461 (S.D.N.Y. 2005).

ERISA "company stock" breach of fiduciary duty class action analogous to the instant matter. To the best of BTKMC's knowledge, this was only the fourth such ERISA case to go to trial.

In addition to its extensive litigation experience, the firm has also successfully engaged in numerous extensive, intricate and successful settlement negotiations involving complex legal and factual issues involving ERISA claims, including through court-ordered mediations. These negotiations and mediations have resulted in large recoveries for affected classes of plan participants. *See In re AOL ERISA Litig.*, 02-CV-8853 (S.D.N.Y.) (as Co-Lead Counsel, SBTK helped obtain a $100 million settlement); *In re Global Crossing Securities and ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) (settlement providing injunctive relief and $78 million payment for plan losses); *In re Bristol-Myers Squibb Co. ERISA Litig.*, No. 02-CV-10129 (LAP) (S.D.N.Y) (as Co-Lead Counsel, achieved a cash recovery of $41.22 million and significant structural relief regarding how the 401(k) plans at issue are administered valued at up to $52 million); *Lewis et al. v. El Paso Corp.*, No. H-02-4860 (S.D. Tex) (as sole Lead Counsel, obtained a $17 million settlement); *In re Honeywell Int'l ERISA Litig.*, No. 03-1214 (DRD) (D.N.J. 2004) (as sole Lead Counsel, achieved a $14 million recovery to a defined contribution plan and its participants, as well as significant structural relief regarding the plan's administration and investment of its assets).[10]

---

[10]    In approving the *In re Honeywell* settlement, the Honorable Dickinson R. Debevoise stated the following with regard to BTKMC's representation of the ERISA class:

> Plaintiffs' counsel undoubtedly possess great skill and experience in this kind of case and have exhibited that experience during the course of these proceedings.
>
> *   *   *
>
> ERISA class actions are a relatively new phenomenon, presenting complex issues as the courts deal with the complicated ERISA statute. Faced with this statute, counsel had to engage in extensive factual explorations and address legal problems both in the context of class certification and during the course of the motion to dismiss.

The ERISA litigation department is headed by Joseph H. Meltzer, a partner at BTKMC. Mr. Meltzer received his law degree with honors from Temple University School of Law.  He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before numerous Federal District and Circuit Courts.  Prior to joining BTKMC, Mr. Meltzer practiced at Barrack, Rodos & Bacine in Philadelphia, where he had important roles in prosecuting several major antitrust class actions, and also defended clients in antitrust and commercial litigation.

Mr. Meltzer concentrates his practice in the areas of ERISA, antitrust, and consumer protection, and has helped obtain several multi-million dollar settlements on behalf of class members, including the BTKMC class settlements listed above.  Mr. Meltzer represents employees in each of the numerous ERISA breach of fiduciary duty actions listed above for BTKMC.  Further, Mr. Meltzer is lead counsel or has leadership positions in numerous pending nationwide class actions brought on behalf of consumers, employees, and union health and welfare funds.  Mr. Meltzer is a member of the American Bar Association and is actively involved in the ABA's Section Committees on (i) Employee Benefits and (ii) Antitrust Law.

### 3.   BTKMC Has The Resources Necessary To Represent The Proposed Class

The final FED. R. CIV. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports the appointment of BTKMC as the Interim Class Counsel.

BTKMC is a well-established and successful law firm that has the resources and personnel necessary to pursue a case of this magnitude as it has demonstrated in numerous similar large-scale class actions.  Moreover, the firm's resources are not merely financial, but

---

Final Fairness Hearing Transcript, *In re Honeywell ERISA Litig.*, No. 03-CV-01214 (DRD) (D.N.J. July 19, 2005), p. 40. (attached to the Ciolko Decl. as Exhibit Q).

also include substantial expertise and work-product as discussed above, that it has developed in other similar cases that will be an obvious benefit to the Plaintiffs and proposed class in this action.   Much of this material is unique to the issues and disputes that are present in ERISA company stock litigation.   BTKMC's ability to draw from this well-developed bank of information and experience in directing this litigation will allow it to streamline the litigation and create efficiencies unavailable to other firms.   Thus, the resource factor under Rule 23(g) favors appointment of Plaintiffs' proposed Interim Class Counsel.

      **B.**      **Proposed Interim Liaison Class Counsel**

Proposed Interim Liaison Counsel Lasky & Rifkind is a nationally recognized law firm with a team of experienced attorneys that handle litigation matters in jurisdictions throughout the country.   Their practice involves representation of individual and corporate clients nationwide in a broad range of complex litigation matters including business litigation, class actions, and securities arbitration.

**IV.**      **CONCLUSION**

Counsel for Plaintiffs respectfully submits that, based on Rule 23(g)'s factors, BTKMC is qualified to represent the interests of the proposed class because the firm possesses unmatched experience and expertise leading the prosecution of this particular type of ERISA class action. For the foregoing reasons, Plaintiffs respectfully request that the Court enter the proposed Order appointing BTKMC as Interim Class Counsel and Lasky & Rifkind as Liaison Class Counsel

Dated:  August 18, 2010                    Respectfully submitted,

                                           /s/ Edward W. Ciolko
                                           Joseph H. Meltzer
                                           Edward W. Ciolko
                                           Mark K. Gyandoh
                                           Julie Siebert-Johnson
                                           **BARROWAY TOPAZ KESSLER**
                                           **MELTZER & CHECK, LLP**
                                           280 King of Prussia Road
                                           Radnor, PA 19087
                                           Telephone:  (610) 667-7706
                                           Facsimile: (610) 667-7056

                                           Norman Rifkind
                                           **LASKY & RIFKIND, LTD.**
                                           Leigh R. Lasky, Esq.
                                           350 N. LaSalle Street
                                           Suite 1320
                                           Chicago, IL 60610
                                           (312) 634-0057

                                           *Proposed Interim Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.


/s/ Edward W. Ciolko
Edward W. Ciolko

16