# EXHIBIT P

Mirant Final Approval.txt

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: MIRANT CORP. ERISA, ET AL. PLAINTIFFS<br><br>V.<br><br>MIRANT CORPORATION, ET AL DEFENDANTS. | ) DOCKET NO. 1:03-CV-1027-RWS<br>) ATLANTA, GEORGIA<br>) NOVEMBER 16, 2006 |

TRANSCRIPT OF FINAL APPROVAL HEARING
BEFORE THE HONORABLE RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:		GERALD WELLS, ESQ.
				DEREK W. LOESER, ESQ.
				GARY GOTTO, ESQ.
				JOSEPH H. MELTZER, ESQ.
				JOSHUA A. MILLICAN, ESQ.

FOR THE DEFENDANTS:		HOWARD DOUGLAS HINSON, ESQ.
				MICHAEL G. MONNOLLY, ESQ.

COURT REPORTER:			SHARON D. UPCHURCH
				2114 U. S. COURTHOUSE
				ATLANTA, GEORGIA 30303-3361
				(404) 215-1354

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
PRODUCED BY COMPUTER.

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

D

Page 1

Mirant Final Approval.txt

2

```
1                P R O C E E D I N G S
2          (NOVEMBER 16, 2006; IN OPEN COURT)
3           THE COURT: GOOD MORNING. WE ARE HERE FOR PURPOSES
4  OF A FINAL HEARING ON THE SETTLEMENT IN THIS MATTER. AND I
5  HAVE, OF COURSE, RECEIVED A MOTION AND OTHER DOCUMENTATION
6  SUBMITTED BY COUNSEL; BUT I WILL HEAR FROM PLAINTIFF AT THIS
7  TIME. MR. WELLS, IF YOU WANT TO PROCEED ON BEHALF OF THE
8  PLAINTIFF.
9           MR. WELLS: GOOD MORNING, YOUR HONOR. WE ARE VERY
10 PLEASED TO BE HERE. WE ARE HAPPY TO PRESENT TO THE COURT FOR
11 FINAL APPROVAL THIS SETTLEMENT WHICH RESOLVES ALL CLAIMS IN THE
12 MIRANT ERISA LITIGATION. THE SETTLEMENT IS A PRODUCT OF
13 INTENSE NEGOTIATIONS BETWEEN THE PARTIES THAT INVOLVED AN
14 EXPERIENCED NEGOTIATOR AND WAS DONE OVER THE COURSE OF SEVERAL
15 MEDIATION SESSIONS AS WELL AS SUBSEQUENT TELEPHONE
16 CONVERSATIONS AND THE LIKE.
17          PLAINTIFFS BELIEVE THAT THIS SETTLEMENT IS EXCELLENT
18 BECAUSE IT RECOVERS A SUBSTANTIAL AMOUNT OF DAMAGES AND
19 PROVIDES A CASH SETTLEMENT IN THE AMOUNT OF $9.7 MILLION THAT
20 WILL BE DISTRIBUTED ON A PRO RATA SHARE TO THE PLAN
21 PARTICIPANTS; THAT IS, EACH PARTICIPANT WILL RECEIVE A PORTION
22 OF THE SETTLEMENT IN PROPORTION TO THE TOTAL LOSSES THAT THEY
23 SUSTAINED DUE TO THEIR HOLDINGS IN MIRANT STOCK AND THE MIRANT
24 401K PLANS. THE SETTLEMENT ITSELF WAS REVIEWED EXTENSIVELY BY
25 AN INDEPENDENT FIDUCIARY, FIDUCIARY COUNSELORS, INC. THAT
```

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

0

3

Mirant Final Approval.txt

1 REPORT WAS FINALIZED, AND WE SENT THAT TO YOUR HONOR FOR REVIEW
2 YESTERDAY.
3     BEFORE THE COURT IS APPROVAL OF THE SETTLEMENT ITSELF
4 AS WELL AS APPROVAL OF ATTORNEY'S FEES AND REIMBURSEMENT OF
5 EXPENSES AS WELL AS CASE CONTRIBUTION AWARDS TO THE NAMED
6 PLAINTIFFS. IF I MAY PROCEED, YOUR HONOR, WE WOULD LIKE TO GO
7 DIRECTLY TO THE FAIRNESS OF THE SETTLEMENT.
8     THE COURT: YES, SIR.
9     MR. WELLS: THANK YOU. WOULD YOUR HONOR LIKE A BRIEF
10 HISTORY OF THE LITIGATION ITSELF OR SHALL WE PROCEED?
11     THE COURT: YOU MAY PROCEED TO THE FAIRNESS.
12     MR. WELLS: UNDERSTOOD, YOUR HONOR.
13     THE SETTLEMENT FACTORS THAT ARE CONSIDERED, YOUR
14 HONOR, ARE THE BENNETT FACTORS THAT WERE ENUMERATED BY THE
15 ELEVENTH CIRCUIT. AND THOSE SIX FACTORS IN ORDER ARE AN
16 ASSESSMENT OF THE LIKELIHOOD THAT PLAINTIFFS WOULD PREVAIL AT
17 TRIAL. I SUBMITTED IN OUR PAPERS, YOUR HONOR, ALTHOUGH
18 PLAINTIFFS BELIEVE VERY STRONGLY IN THIS CASE AND IN THE MERITS
19 OF THIS CASE, PLAINTIFFS UNDERSTAND THAT NO PLAINTIFF HAS
20 RECOVERED WHEN A CASE HAS BEEN TAKEN THROUGH TRIAL. THAT BEING
21 SAID, PLAINTIFFS DO BELIEVE STRONGLY IN THEIR CLAIMS AND THAT
22 THEY WOULD, IN FACT, BE ABLE TO PREVAIL. HOWEVER, GIVEN THE
23 CASE LAW OUT THERE AS WELL AS THE SETTLEMENT AMOUNT ITSELF, WE
24 BELIEVE THAT THIS FACTOR MILITATES IN APPROVING THE SETTLEMENT.
25     THE SECOND FACTOR IS THE RANGE OF POSSIBLE RECOVERY.

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

4

1 HERE, YOUR HONOR, I SUBMITTED IN OUR PAPERS DAMAGES RANGE FROM
2 THE MAXIMUM POSSIBLE RECOVERY OF APPROXIMATELY $30 MILLION

Page 3

Mirant Final Approval.txt

3   TO -- AND THAT IS A BREACH DATE AT THE INCEPTION OF THE CLASS
4   PERIOD -- TO A DAMAGE PERIOD OF ABOUT $11 MILLION IF YOUR HONOR
5   WOULD FIND THAT THE BREACH DATE, THAT IS, WHEN MIRANT STOCK WAS
6   IMPRUDENT, WAS NOT UNTIL SEPTEMBER OF 2002; AND DAMAGES THEN
7   RANGE IN THE NEIGHBORHOOD OF $11 MILLION. HOWEVER, IF THE
8   BREACH DATE WAS TAKEN EVEN FURTHER OUT, FOR INSTANCE, INTO MAY
9   OF '03 WHEN THE GOING CONCERN ISSUE REGARDING MIRANT WAS
10  ISSUED, DAMAGES WOULD BE SUBSTANTIALLY LOWER.
11          THAT BEING SAID, YOUR HONOR, PLAINTIFFS HAVE
12  RECOVERED ANYWHERE FROM THE MAXIMUM OF 30 PERCENT OF THE
13  RECOVERY TO UPWARDS OF 88 PERCENT OF THE RECOVERY. THAT IN
14  ITSELF, WE THINK, SPEAKS HIGHLY OF THE SETTLEMENT AND, AGAIN,
15  FACTORS STRONGLY IN APPROVING THE SETTLEMENT.
16          THE THIRD FACTOR, YOUR HONOR, IS CONSIDERATION
17  PROVIDED TO CLASS MEMBERS PURSUANT TO THE SETTLEMENT AS
18  COMPARED TO THE RANGE OF POSSIBLE RECOVERY. AGAIN, YOUR HONOR,
19  THE CONSIDERATION HERE IS BETWEEN 30 PERCENT AND 88 PERCENT OF
20  THE TOTAL DAMAGES. WE, AGAIN, BELIEVE THAT THIS FACTORS
21  STRONGLY IN APPROVING THE SETTLEMENT.
22          THE FOURTH IS THE COMPLEXITY, EXPENSE AND POSSIBLE
23  DURATION OF THE LITIGATION HAD IT PROCEEDED. AS YOUR HONOR IS
24  WELL AWARE, THE CASE WAS ADMINISTRATIVELY CLOSED AFTER BRIEFING
25  ON DEFENDANT'S MOTIONS TO DISMISS AS WELL AS MOTION ON JUDGMENT

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

5

1   OF THE PLEADINGS WAS COMPLETED. THAT BEING SAID, IF THIS
2   LITIGATION WERE TO CONTINUE, THOSE MOTIONS WOULD HAVE TO BE
3   DECIDED; DISCOVERY, WHICH WOULD BE INTENSE BECAUSE THE

Page 4

Mirant Final Approval.txt

```
 4    DISCOVERY WOULD FACTOR IN TWO SUCH THINGS AS WHETHER OR NOT
 5    MIRANT WAS A PRUDENT INVESTMENT FOR PLANS FROM THE INCEPTION,
 6    WHETHER OR NOT THE DEFENDANTS THAT WE ALLEGED IN OUR COMPLAINT
 7    WERE, IN FACT, FIDUCIARIES OF THE PLAN AND EXERCISED CONTROL
 8    AND WERE ABLE TO, IN FACT, DIVEST THE PLANS OF MIRANT STOCK;
 9    THROUGH SUMMARY JUDGMENT WHICH, AGAIN, WOULD BE VERY FACT
10    INTENSIVE, AND AS WE HAVE NOTED, THERE ARE A NUMBER OF
11    DECISIONS THAT GO BOTH IN FAVOR OF PLAINTIFFS AS WELL AS
12    AGAINST PLAINTIFFS IN THIS CASE; AND THROUGH TRIAL.
13              CONSERVATIVELY, YOUR HONOR, WE WOULD ESTIMATE THAT
14    TRIAL THROUGH LITIGATION WOULD ESTIMATE BETWEEN THREE OR FOUR
15    YEARS.  AGAIN, THIS EARLY SETTLEMENT IN THIS STAGE OF
16    LITIGATION FACTORS IN FAVOR OF APPROVING THE SETTLEMENT.
17              THEN THE FIFTH FACTOR, YOUR HONOR, IS THE NATURE AND
18    EXTENT OF ANY OBJECTIONS TO THE SETTLEMENT.  AS WE SUBMITTED,
19    THERE IS ONLY ONE OBJECTION SUBMITTED BY ARTHUR LANKFORD TO THE
20    SETTLEMENT ITSELF.  NOTABLY, YOUR HONOR, THE CLASS MEMBER DOES
21    NOT OPPOSE APPROVAL OF THE ATTORNEY'S FEES WHICH THE ORIGINAL
22    REQUESTED WERE 30 PERCENT, NOR DOES HE OPPOSE REIMBURSEMENT OF
23    EXPENSES OR THE CASE CONTRIBUTION AWARDS TO NAMED PLAINTIFFS.
24    RATHER, IN HIS LETTER HE SAID THAT THE SETTLEMENT SHOULD BE
25    HIGHER BECAUSE CERTAIN DEFENDANTS RECEIVED GOLDEN PARACHUTES.

            SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

                                                                6

 1              RESPECTFULLY, YOUR HONOR, ALL PLAINTIFFS' COUNSEL
 2    AGREE THAT THE SETTLEMENT SHOULD BE HIGHER.  HOWEVER, GIVEN THE
 3    OTHER FACTORS HERE AS WELL AS THE CASE LAW AS IT CURRENTLY
 4    STANDS, THIS IS A SETTLEMENT THAT WE SIMPLY COULD NOT TURN OUR
 5    BACK ON.  MOREOVER, OVER 3500 NOTICES WERE SENT OUT TO CLASS
```

Page 5

Mirant Final Approval.txt

6   MEMBERS, AND ONLY ONE PERSON FOUND OBJECTION. WE THINK THIS
7   COUNSELS IN FAVOR OF APPROVING THE SETTLEMENT.
8          FINALLY, YOUR HONOR, THE STATE OF PROCEEDINGS IN
9   WHICH THE SETTLEMENT WAS REACHED. AS I STATED EARLIER,
10  BRIEFING ON THE MOTION TO DISMISS WAS COMPLETED. HOWEVER, THIS
11  WOULD STILL BE A VERY LONG ROW TO HOE, AS WELL AS THE FACT THAT
12  WE CLEARLY UNDERSTOOD THE POSITIONS OF THE RESPECTIVE PARTIES
13  THROUGH THE MEDIATION EFFORTS. MEDIATION SUBMISSIONS WERE
14  SUBMITTED TO THE MEDIATOR, AND MEDIATION SESSIONS TOOK OVER
15  THREE DAYS IN TWO SEPARATE SESSIONS.
16         COMBINED, YOUR HONOR, WE THINK EACH OF THE SIX
17  FACTORS ENUMERATED IN BENNETT SEPARATELY, AS WELL AS COMBINED,
18  FACTOR IN APPROVING THIS SETTLEMENT; AND WE SUBMIT THIS
19  SETTLEMENT FOR APPROVAL.
20         THE COURT: I WILL HEAR FROM YOU, AS WELL, ON THE
21  REQUEST FOR ATTORNEY'S FEES AND EXPENSES.
22         MR. WELLS: BEFORE WE TURN TO THAT, YOUR HONOR, THERE
23  IS THE ISSUE OF CERTIFICATION OF CLASS; AND WE WOULD SUBMIT TO
24  THE COURT AS WE SUBMITTED IN THE PAPERS THAT SETTLEMENT HERE IN
25  CERTIFICATION OF A (B)(1) CLASS IS APPROPRIATE GIVEN THE NATURE

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

D

7

1   OF THE PLAN-WIDE BREACH AND THE HARM SUBMITTED.
2          WITH RESPECT TO THE REQUEST FOR ATTORNEY'S FEES, WE
3   WOULD PUT FORTH THAT EACH OF THE 12 FACTORS, JOHNSON FACTORS,
4   FAVOR IN APPROVING THIS SETTLEMENT. THE FIRST FACTOR IS THE
5   TIME AND LABOR REQUIRED. AS PUT FORTH IN OUR PAPERS, OVER 7700
6   HOURS OF BOTH ATTORNEY AND PROFESSIONAL TIME WAS COMMITTED TO

Page 6

Mirant Final Approval.txt

```
 7   THIS CASE.  THOSE ARE SUBSTANTIAL RESOURCES WITH A LODESTAR
 8   THAT AT THIS POINT IS JUST OVER 1.17 MILLION.
 9            THE SECOND FACTOR, YOUR HONOR, IS THE NOVELTY AND
10   DIFFICULTY OF THE QUESTIONS PRESENTED.  AS STATED BY MANY
11   COURTS, ERISA CASES IN PARTICULAR AND CLASS ACTIONS IN GENERAL
12   ARE COMPLEX CASES THAT REQUIRE SPECIALIZED EXPERTISE AS WELL AS
13   A GREAT DEAL OF, FOR LACK OF A BETTER TERM, HEAVY LIFTING ON
14   BEHALF OF PLAINTIFF'S COUNSEL.  WE SUBMIT THAT WE'VE DONE THAT
15   HERE AND THAT THE SETTLEMENT EXEMPLIFIES THAT.
16            THIRD IS THE SKILL REQUISITE TO PERFORM THE LEGAL
17   SERVICES.  HERE, YOUR HONOR, CLASS COUNSEL, AS STATED BY
18   INDEPENDENT FIDUCIARY, ARE SOME OF THE -- ARE TWO OF THE FIRMS
19   THAT ARE AT THE FOREFRONT OF THIS TYPE OF LITIGATION AND HAVE
20   PUT FORTH TREMENDOUS EFFORT; AND IT IS THROUGH OUR EFFORT THAT
21   THE SETTLEMENT WAS ABLE TO BE ACHIEVED.
22            FOURTH, YOUR HONOR, IS THE PRECLUSION OF OTHER
23   EMPLOYMENT.  RESPECTFULLY, OVER 2700 HOURS WERE EXPENDED SOLELY
24   ON THIS CASE.  THOSE 2700 HOURS COULD HAVE BEEN PUT FORTH ON
25   OTHER MATTERS THAT HAD A GREATER LIKELIHOOD OF RECOVERY.
```

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

8

```
 1            WHAT IS UNIQUE TO THIS CASE IS, UNLIKE ANY OTHER, TO
 2   MY KNOWLEDGE, FIDUCIARY BREACH CASE OUT THERE, WE HAVE ASSERTED
 3   THAT THE COMPANY STOCK WAS IMPRUDENT FROM THE INCEPTION.  THAT
 4   IS A UNIQUE FACTOR TO THIS CASE THAT WE THINK, WHILE WE COULD
 5   HAVE PROVED AT TRIAL, WOULD RAISE OTHER SUBSTANTIAL HURDLES
 6   UNLIKE ANY OTHER CASE AND BECAUSE OF THESE UNIQUE FACTORS,
 7   AGAIN, COUNSELS IN FAVOR OF APPROVING THE SETTLEMENT.
 8            THE FIFTH FACTOR, YOUR HONOR, IS THE CUSTOMARY FEE.
```

Page 7

Mirant Final Approval.txt

```
 9   AS THE ELEVENTH CIRCUIT PUT FORTH IN CAMDEN I, THE CUSTOMARY
10   FEE IN COMMON FUND CASES IS BETWEEN 20 AND 30 PERCENT OF THE
11   TOTAL SETTLEMENT RECOVERED. HERE PLAINTIFFS ARE REQUESTING
12   27-AND-A-HALF PERCENT OF THE COMMON FUND.
13         THE SIXTH FACTOR IS WHETHER THE FEE IS FIXED OR
14   CONTINGENT. PLAINTIFF'S COUNSEL TOOK THIS FEE -- TOOK THIS
15   CASE, RATHER, COMPLETELY ON A CONTINGENT-FEE BASIS; THAT IS,
16   HAD THERE BEEN NO RECOVERY OBTAINED, WE WOULD HAVE BEEN WITHOUT
17   RECOURSE. WE HAVE FURTHER PUT FORTH OVER $52,000 WORTH OF
18   EXPENSES WITH NO GUARANTEE THAT THOSE EXPENSES WOULD BE
19   REIMBURSED. AGAIN, OVER 2700 HOURS WITH A LOADSTAR OF 1.17
20   MILLION AS WELL AS OUT-OF-POCKET EXPENSES THAT COULD HAVE BEEN
21   PUT FORTH TO CASES WITH A SUBSTANTIALLY HIGHER LIKELIHOOD OF
22   RECOVERY COUNSELS IN FAVOR OF APPROVING THIS SETTLEMENT.
23         THE SEVENTH FACTOR, YOUR HONOR, IS THE TIME
24   LIMITATIONS IMPOSED BY THE CLIENT UNDER THE CIRCUMSTANCES.
25   RESPECTFULLY, YOUR HONOR, CLASS COUNSEL READILY ADMITS THAT
```

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

0

9

```
 1   THIS IS A CLASS CASE; AND, THEREFORE, THE CLIENT EXPECTATIONS
 2   WERE THAT THEY WOULD LIKELY RECOVER, AND THERE WAS NO FIX DATE.
 3         MOVING ON, YOUR HONOR, TO THE EIGHTH FACTOR, THE
 4   AMOUNT INVOLVED AND THE RESULTS OBTAINED. AS I STATED EARLIER,
 5   THE TOTAL OUTWARD RECOVERY IS BETWEEN A MAXIMUM OF 30 MILLION
 6   TO A MORE REALISTIC NUMBER OF 11 MILLION. HERE THE $9.7
 7   MILLION RESULTS IN A SUBSTANTIAL AMOUNT OF THE RECOVERY.
 8         THE NINTH FACTOR, YOUR HONOR, IS THE EXPERIENCE,
 9   REPUTATION AND THE ABILITY OF THE ATTORNEYS. AS PUT FORTH AND
```

```
                        Mirant Final Approval.txt
10    SEEN IN OUR PAPERS, AS WELL AS THE COMMENTS MADE BY THE
11    INDEPENDENT FIDUCIARY, THESE FIRMS HERE BEFORE YOUR HONOR ARE
12    AT THE FOREFRONT OF THIS TYPE OF PRACTICE AND HAVE USED THEIR
13    KNOWLEDGE HERE TO PUT FORTH AND GO AGAINST SOME OF THE MOST
14    EMINENT DEFENSE ATTORNEYS WITH RESPECT TO THIS FIELD AND WERE
15    ABLE TO PUSH FOR AND ACHIEVE THIS MAGNIFICENT SETTLEMENT.
16            THE TENTH FACTOR, YOUR HONOR, IS THE UNDESIRABILITY
17    OF THIS CASE.  YOUR HONOR, HERE CLEARLY THIS WAS A BANKRUPTCY
18    CASE; SO YOU HAD THE ISSUES INHERENT IN BANKRUPTCY WHICH
19    PLAINTIFF'S COUNSEL WENT THROUGH AND SPENT SUBSTANTIAL TIME IN
20    DEALINGS IN THE BANKRUPTCY COURT ENSURING THAT THE SETTLEMENT
21    HERE WAS PRESERVED AND THESE CLAIMS WERE PRESERVED.
22            FURTHER, YOUR HONOR, BECAUSE OF THE NATURE OF THE
23    CASE, ASSERTING THAT IMPRUDENCE WAS FROM THE INCEPTION, THIS,
24    TOO, COUNSELS IN FAVOR THAT THIS CASE WAS, IN FACT, UNDESIRABLE
25    IN THAT IT WAS NOT THE EASIEST CASE, IT WAS NOT THE EASIEST


               SHARON D. UPCHURCH, OFFICIAL COURT REPORTER
0
                                                          10

1     ERISA CASE, AND IT HAD UNIQUE FACTORS.
2             THE ELEVENTH FACTOR, YOUR HONOR, IS THE NATURE AND
3     LENGTH OF THE PROFESSIONAL RELATIONSHIP WITH THE CLIENT.
4     AGAIN, RESPECTFULLY, YOUR HONOR, THIS IS A CLASS CASE; AND WE
5     SUBMIT THAT WHILE OUR CLIENTS HAVE BEEN FULLY INFORMED AND
6     ADVISED OF THE CASE THROUGHOUT THE COURSE OF THE LITIGATION,
7     THIS IS NOT AN ONGOING RELATIONSHIP.
8             MOVING, YOUR HONOR, TO THE FINAL AND TWELFTH FACTOR,
9     THE AWARDS IN SIMILAR CASES.  AS PUT FORTH IN OUR PAPERS, THERE
10    ARE NUMEROUS CASES OUT THERE IN WHICH SIGNIFICANTLY HIGHER
11    PERCENTAGES WERE OBTAINED AND ACHIEVED IN SIMILAR ERISA CASES;
                                 Page 9
```

Mirant Final Approval.txt

12  NOTABLY, ADC AND WESTSTAR IN WHICH 30 PERCENT RECOVERY WAS
13  APPROVED. HOWEVER, YOUR HONOR, AGAIN, AS NOTED BEFORE, THE
14  ELEVENTH CIRCUIT HAS SAID BETWEEN 20 AND 30 PERCENT IS
15  APPROPRIATE. HERE WE SUBMIT THAT OUR REQUEST FOR 27-AND-A-HALF
16  PERCENT, IT FALLS WITHIN THAT NORM; AND AS DEMONSTRATED BY THE
17  AMOUNT OF WORK PUT INTO THE CASE AND THE END RESULT ACHIEVED,
18  THAT THIS FACTORS IN FAVOR OF APPROVING THE SETTLEMENT.
19      YOUR HONOR, THE ELEVENTH CIRCUIT HAS NOTED IN CAMDEN
20  THAT THERE ARE SEVERAL OTHER FACTORS THAT MAY BE UTILIZED IN
21  DETERMINING WHETHER OR NOT A SETTLEMENT IS APPROPRIATE; AND IF
22  YOUR HONOR WOULD LIKE, I CAN GO THROUGH THOSE FIVE ADDITIONAL
23  FACTORS.
24      YOUR HONOR, THE FIRST ONE IS THE TIME REQUIRED TO
25  REACH SETTLEMENT. AS I STATED EARLIER, THIS INVOLVED TWO

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

11

1   FORMAL MEDIATION SESSIONS, THE FIRST MEDIATION SESSION
2   OCCURRING IN APRIL OF '05. THAT WAS A TWO-DAY ALL-DAY
3   MEDIATION SESSION. PRIOR TO THAT SESSION, THERE WERE NUMEROUS
4   PHONE CALLS AND TELEPHONIC CONFERENCES WITH BOTH THE MEDIATOR
5   AS WELL AS DEFENSE COUNSEL TRYING TO SEE IF SETTLEMENT MAY BE
6   AN APPROPRIATE AVENUE. SUBSEQUENT TO THE APRIL MEDIATION,
7   THERE WAS ANOTHER ALL-DAY MEDIATION IN NOVEMBER OF 2005; AND
8   THAT WAS ABLE TO PUSH THE CASE FURTHER ALONG. HOWEVER,
9   SETTLEMENT WAS NOT OBTAINED UNTIL EARLY OF 2006. THAT
10  DEMONSTRATES THAT THERE WAS SUBSTANTIAL TIME PUT FORTH IN
11  OBTAINING THE SETTLEMENT.
12      THE SECOND ONE IS WHETHER OR NOT THERE ARE ANY

Page 10

Mirant Final Approval.txt

13 SUBSTANTIAL OBJECTORS BY THE CLASS. AGAIN, THERE'S ONLY ONE
14 OBJECTOR FROM THE CLASS OF OVER 3500.
15     THE THIRD IS WHETHER OR NOT THERE'S ANY NONMONETARY
16 BENEFITS CONFERRED UPON THE SETTLEMENT CLASS. HERE, YOUR
17 HONOR, AS PUT FORTH IN THE STIPULATION OF SETTLEMENT, THERE IS
18 A SPECIFIC CARVE-OUT SAYING THAT THE RECOVERY HERE WILL IN NO
19 WAY AFFECT THE SECURITIES-RELATED -- SECURITIES LITIGATION, NOR
20 WILL IT ADVERSELY AFFECT THE RELATED SOUTHERN ERISA LITIGATION.
21     THE FOURTH FACTOR, YOUR HONOR, IS THE ECONOMICS
22 INVOLVED IN PROSECUTING THIS CASE. SIMPLY PUT, YOUR HONOR,
23 CLASS CASES SUCH AS THIS WILL REQUIRE THE EXPENDITURE OF TENS
24 OF THOUSANDS, IF NOT HUNDREDS OF THOUSANDS OF DOLLARS. BECAUSE
25 WE WERE ABLE TO ACHIEVE THE SETTLEMENT RELATIVELY EARLY IN THAT

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

12

1 PROCESS, WE WERE ABLE TO KEEP EXPENSES TO A MINIMUM; BUT WE DID
2 PUT FORTH EXTREME AMOUNTS OF MONEY.
3     THE FIFTH IS ARE THERE ANY OTHER FACTORS UNIQUE TO
4 THIS CASE. AS I SAID EARLIER, THIS INVOLVES A BANKRUPTCY CASE
5 AS WELL AS IMPRUDENCE FROM THE INCEPTION. BOTH OF THOSE
6 FACTORS ARE UNIQUE TO THIS ERISA CASE AND STRONGLY SUPPORT THIS
7 SETTLEMENT.
8     THE COURT: THANK YOU.
9     MR. WELLS: YOUR HONOR, IN ADDITION, THERE IS ALSO
10 THE MATTER OF THE REIMBURSEMENT OF EXPENSES, IF YOU'D LIKE ME
11 TO ADDRESS THAT.
12     AS PUT FORTH IN OUR PAPERS, WE HAVE EXPENDED OVER
13 $52,000 WORTH OF EXPENSES THAT INCLUDE THE LIKES OF TRAVEL,
14 LODGING, FILINGS AND THE LIKE. WE THINK THEY ARE REASONABLE

Page 11

Mirant Final Approval.txt

15  AND APPROPRIATE, AND WE NOTE FOR YOUR HONOR THAT THERE'S BEEN
16  NO OBJECTION TO THE REIMBURSEMENT OF EXPENSES.
17      THE OTHER MATTER BEFORE YOUR HONOR IS THE ISSUE OF
18  THE CASE CONTRIBUTION AWARD. AS PUT FORTH IN OUR PAPERS, CASE
19  CONTRIBUTION AWARDS IN THIS CASE, ON THESE TYPE OF CASES, ARE
20  EMINENTLY REASONABLE BECAUSE THESE PLAINTIFFS -- BUT FOR THESE
21  PLAINTIFFS, THIS CASE WOULD NOT BE BROUGHT. THESE PLAINTIFFS
22  WERE ABLE TO STEP FORWARD, PROVIDE PLAN DOCUMENTS TO CLASS
23  COUNSEL, PROVIDE INFORMATION TO CLASS COUNSEL AS TO THE INNER
24  WORKINGS OF BOTH THE COMPANY IN GENERAL AS WELL AS THE PLANS IN
25  PARTICULAR.

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

13

1       AND WITH THESE CASES, THEY HAVE HELPED FOSTER AND
2   ACHIEVE A $9.7 MILLION SETTLEMENT THAT WOULD BENEFIT OVER 3500
3   CLASS MEMBERS; AND WE THINK THEIR EFFORTS SHOULD BE RECOGNIZED
4   AND AWARDED BY THIS COURT. RESPECTFULLY, YOUR HONOR, WE ASK
5   THAT A CASE CONTRIBUTION AWARD OF $2,000 FOR EACH OF THE TWO
6   NAMED PLAINTIFFS BE APPROVED.
7       AND WITH THAT, YOUR HONOR, IF THE COURT HAS ANY
8   QUESTIONS, I WOULD BE HAPPY TO ADDRESS THOSE.
9       THE COURT: I DO NOT. THANK YOU.
10      MR. HINSON, ANYTHING FROM THE DEFENDANT?
11      MR. HINSON: YOUR HONOR, AS WE SAID IN OUR WRITTEN
12  SUBMISSION, WE ONLY WOULD ADD THAT WE BELIEVE WE WOULD PREVAIL
13  HAD THE LITIGATION MOVED FORWARD; AND WE BELIEVE THAT IN THAT
14  LIGHT, THIS DEFENSE -- I MEAN THIS SETTLEMENT IS, IN FACT, A
15  FAIR AND REASONABLE SETTLEMENT. WE TAKE NO POSITION ON THE

Page 12

Mirant Final Approval.txt

16  ATTORNEY'S FEES ISSUES. AND, THEREFORE, WE HAVE VERY LITTLE TO
17  ADD.
18  THE COURT: THANK YOU. I WOULD NOTE FOR THE RECORD
19  AND AS HAS BEEN ALLUDED TO BY MR. WELLS, THERE WAS ONE
20  OBJECTION FILED TO THE SETTLEMENT BY MR. LANKFORD. AND THE
21  COURT HAS REVIEWED THAT OBJECTION; AND LIKE MR. WELLS, I
22  UNDERSTAND MR. LANKFORD'S DISSATISFACTION WITH THE TOTAL AMOUNT
23  THAT WILL BE COMING TO HIM AS A MEMBER OF THIS CLASS. I CAN
24  UNDERSTAND AND APPRECIATE HIS CONCERN, HAVING LOST A
25  SUBSTANTIAL AMOUNT OF HIS LIFE SAVINGS. HOWEVER, WHILE I

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

14

1  APPRECIATE HIS POSITION, I DO NOT THINK IT JUSTIFIES REJECTION
2  OF THE SETTLEMENT.
3  FOR THE REASONS THAT HAVE BEEN STATED, I DO FIND THAT
4  THE SETTLEMENT IS FAIR AND IS A GOOD SETTLEMENT FOR THE MEMBERS
5  OF THE CLASS. CERTAINLY THE QUESTION OF LIABILITY, THE RANGE
6  OF POTENTIAL RECOVERIES, PARTICULARLY THE DETERMINATION OF WHEN
7  WE WOULD FIND THEY HAD BREACHED THEIR DUTIES REALLY COULD HAVE
8  HAD A SUBSTANTIAL EFFECT. AND I KNOW PROBABLY FROM THE
9  PERSPECTIVE OF NEGOTIATION, THAT HAD TO BE A DIFFICULT MATTER
10  TO GRAPPLE WITH, AS WELL. BUT IT CERTAINLY MILITATES IN FAVOR
11  OF THE SETTLEMENT THAT HAS BEEN REACHED.
12  I WILL APPROVE THE SETTLEMENT. I WILL CERTIFY THE
13  CLASS AS A (B)(1) CLASS. I FIND THAT THE ATTORNEY'S FEES ARE
14  ALSO REASONABLE. COUNSEL, CLASS COUNSEL, ARE OBVIOUSLY
15  EMINENTLY QUALIFIED TO BRING AND PURSUE THIS LITIGATION. I
16  THINK THAT WHEN ONE VIEWS THE LODESTAR INVOLVED IN THE CASE AS
17  COMPARED TO THE AMOUNT OF RECOVERY, THIS IS A FAIR

Mirant Final Approval.txt

18  COMPENSATION, PARTICULARLY WHEN ONE CONSIDERS, AS WE DISCUSSED
19  EARLIER, THE LIKELIHOOD OF SUCCESS, THE RISK THAT WAS ACCEPTED
20  BY COUNSEL IN TAKING ON THIS LITIGATION AND TAKING IT ON
21  TOTALLY ON A CONTINGENT-FEE BASIS; SO THEY BORE THE ENTIRE
22  RISK. AND I THINK THERE IS A PUBLIC POLICY ISSUE AT STAKE HERE
23  IN THAT COUNSEL NEED TO BE ENCOURAGED TO TAKE THESE CASES WHEN
24  THEY'RE MERITORIOUS; AND IF THERE'S NOT FULL, COMPLETE AND
25  APPROPRIATE COMPENSATION, THERE WILL NOT BE THAT INCENTIVE TO

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

0

15

1   TAKE THESE CASES.
2       I DO APPRECIATE THE FACT THAT COUNSEL HAS ADJUSTED
3   ITS REQUEST TO 27.5 PERCENT OF THE COMMON FUND, AND I WILL
4   AWARD FEES OF 27.5 PERCENT OF THE COMMON FUND. I WILL ALSO
5   AWARD TO COUNSEL THE FULL AMOUNT OF EXPENSES AS REQUESTED IN
6   THE PAPERS FILED WITH THE COURT AND WILL ALSO MAKE THE CASE
7   CONTRIBUTION AWARDS TO THE NAMED PLAINTIFFS OF $2,000 EACH AS
8   REQUESTED. I THINK THAT'S EMINENTLY FAIR FOR THE PEOPLE WHO
9   CHOOSE TO ALLOW THEMSELVES TO BE PUT OUT THERE AS
10  REPRESENTATIVES OF THE CLASS. AND WHILE I REALIZE IN A CASE OF
11  THIS TYPE, THEY ARE NOT INTIMATELY INVOLVED IN THE PROCEEDINGS,
12  THEY ARE THERE TO REPRESENT THEIR COLLEAGUES AND TO BE IN TOUCH
13  WITH COUNSEL AND DO HAVE SOME RESPONSIBILITIES AND ROLES IN
14  THAT REGARD. SO I THINK THAT'S A VERY FAIR AMOUNT TO PROVIDE
15  TO THOSE TWO.
16      YOU HAD SUBMITTED PROPOSED ORDERS ON THESE MATTERS,
17  AND I FIND THEM TO BE APPROPRIATE AND AM INCLINED TO EXECUTE
18  THOSE AS SUBMITTED. THE QUESTION I WOULD HAVE IS THERE ARE

```
                        Mirant Final Approval.txt
 19    BLANKS TO BE FILLED IN. I DID NOT KNOW IF YOU HAVE COMPLETED
 20    ONE THAT FILLS IN THE BLANKS OR IF YOU WANTED TO GET IT TO US
 21    BY E-MAIL AND WE WOULD DO IT.
 22            MR. WELLS: YOUR HONOR, NOT TO BE PRESUMPTUOUS, BUT
 23    WE DID HAVE ONE THAT HAS THE BLANKS FILLED IN. I WOULD BE
 24    HAPPY TO SUBMIT IT TO YOUR HONOR.
 25            THE COURT: I AM NOT OFFENDED BY YOUR PRESUMPTION AT


                SHARON D. UPCHURCH, OFFICIAL COURT REPORTER


                                                            16

  1    ALL. I APPRECIATE IT, AS DOES MY STAFF.
  2            MR. WELLS: THANK YOU, YOUR HONOR.
  3            (PAUSE IN THE PROCEEDINGS.)
  4            THE COURT: I HAVE SIGNED THE ORDER OF FINAL
  5    JUDGMENT, AND THIS WILL BE -- I'LL LET COUNSEL FILE IT WITH THE
  6    CLERK SINCE MY CLERK IS NOT HERE TODAY. HE'S OUT SICK. I'LL
  7    LET YOU FILE IT WITH THE CLERK.
  8            LET ME, HOWEVER, CONCLUDE BY EXPRESSING TO COUNSEL
  9    FOR BOTH THE PLAINTIFFS AND THE DEFENDANT MY SINCERE
 10    APPRECIATION FOR YOUR LABORS IN THIS CASE. YOU POINTED OUT,
 11    MR. WELLS, THE LAYERS OF THIS LITIGATION AND THE FACT THAT YOU
 12    HAD THE BANKRUPTCY ASPECT OF THIS TO DEAL WITH AS WELL AS THE
 13    OTHER ISSUES THAT ARE INVOLVED IN THIS CASE. THIS WAS NOT A
 14    SIMPLE CASE. IT HAD THE EXTRA LAYERS THAT MADE IT MORE
 15    DIFFICULT.
 16            BUT IT'S VERY CLEAR TO ME THAT ALL OF YOU WORKED VERY
 17    HARD AT THIS. NUMBER ONE, YOU HAD WORKED VERY HARD BEFORE I
 18    STAYED THE CASE IN THE MOTION PRACTICE THAT HAD ALREADY BEGUN.
 19    I AM CONFIDENT THAT YOU WOULD HAVE WORKED EQUALLY AS HARD HAD
 20    THE CASE BEEN REOPENED AND WE HAD GONE THROUGH THE DECIDING OF
                                Page 15
```

Mirant Final Approval.txt

21  THOSE MOTIONS AND IF THE CASE SURVIVED, THE ENTIRE ROUTE THAT
22  YOU'VE DESCRIBED, MR. WELLS, THROUGH SUMMARY JUDGMENT, TRIAL,
23  ET CETERA. AND FROM A JUDGE'S PERSPECTIVE, IT'S JUST REALLY
24  NICE TO HAVE LAWYERS WHO ARE CAPABLE, WHO ARE PROFESSIONAL, WHO
25  WORK TOGETHER, WHO SEEK TO FIND A GOOD RESOLUTION TO A

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER

17

1   DIFFICULT CONFLICT; AND I FEEL THAT YOU HAVE IN THIS CASE.
2           I FEEL VERY GOOD ABOUT THIS SETTLEMENT IN EVERY
3   RESPECT. I THINK THE AMOUNT OF MONEY THAT'S GOING INTO THE
4   POCKETS OF THE MEMBERS OF THE CLASS, WHILE, AGAIN, I WOULD LOVE
5   TO SEE, AS I KNOW YOU WOULD, MORE MONEY GOING INTO THEIR
6   POCKETS, THIS IS COMING OUT A LOT BETTER THAN WHAT COULD HAVE
7   BEEN; AND I THINK YOU FOLKS HAVE DONE A GREAT JOB.
8           AND I KNOW THAT THERE ARE OBSERVERS WHO WOULD
9   CRITICIZE THE AMOUNT OF ATTORNEY'S FEES AND THEY WOULD SAY THIS
10  IS ALL ABOUT LAWYERS MAKING MONEY. BUT THE REALITY IS IF YOU
11  HAD REPRESENTED EVERY ONE OF THESE FOLKS INDIVIDUALLY, A 27.5
12  CONTINGENT FEE WOULD HAVE BEEN A STEAL ON THEIR PARTS. THEY
13  COULD NOT HAVE RETAINED COUNSEL TO REPRESENT THEM INDIVIDUALLY
14  ON THAT KIND OF CONTINGENT FEE. NUMBER ONE, MOST OF THEIR
15  CLAIMS WOULD NOT HAVE BEEN SUFFICIENT TO JUSTIFY THAT. THEY
16  WOULD HAVE HAD TO PAY AN HOURLY FEE; AND LOOKING AT YOUR
17  LODESTAR, THE TIME THAT WOULD HAVE HAD TO GO INTO IT, THEY
18  WOULDN'T HAVE GOTTEN ANYTHING OUT OF IT. THEY WOULD HAVE HAD
19  TO PAY A HIGHER CONTINGENCY.
20          SO WHILE I RECOGNIZE MANY FOLKS OUT THERE DON'T
21  APPRECIATE THE ROLE THAT YOU HAVE PLAYED IN THIS AND THEY SEE

```
                         Mirant Final Approval.txt
22    THIS AS LAWYERS JUST GETTING RICH AT THE EXPENSE OF THE VICTIMS
23    OF WHAT HAS OCCURRED HERE, I HONESTLY SEE BEYOND THAT AND THINK
24    THAT YOU HAVE DONE A REAL SERVICE BY REPRESENTING THESE FOLKS,
25    AND I THINK THEY HAVE GOTTEN A DEAL IN IT.  AND SO THANK YOU


             SHARON D. UPCHURCH, OFFICIAL COURT REPORTER


                                                                18

1     FOR YOUR WORK ON THE FILE.
2             AND I APPRECIATE THE DEFENDANTS, AS WELL, BEING
3     WILLING TO COME TO THE TABLE AND GET A RESOLUTION OF THIS.
4             I'VE SIGNED THE ORDER.  I WILL LET YOU FILE IT, AND
5     THAT WILL CLOSE THE MATTER.  THANK YOU, AND HAVE A GOOD DAY.
6     WE'RE ADJOURNED.
7             (PROCEEDINGS CONCLUDED.)
8                          * * *
9                    REPORTER'S CERTIFICATION
10    I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE
      RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
11
12                                    _____
13                                    SHARON D. UPCHURCH, RPR
                                      OFFICIAL COURT REPORTER
14                                    UNITED STATES DISTRICT COURT
                                      NORTHERN DISTRICT OF GEORGIA
15
16
17    DATE: _____
18
19
20
21
22
23
                              Page 17
```

Mirant Final Approval.txt

24
25

SHARON D. UPCHURCH, OFFICIAL COURT REPORTER