# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| MERRY F. SHANE, Individually and on Behalf of All Others Similarly Situated, | Civil Action No.: 3:10-cv-50089 (*Consolidated with Civil Action No. 3:10-cv-50132*) |
| Plaintiff, | |
| v. | |
| AMCORE FINANCIAL, INC., JOHN A. HALBROOK, FREDERICK D. HAY, STEPHEN S. ROGERS, JOHN W. GLEESON, WILLIAM R. MCMANAMAN, JACK D. WARD, PAULA A. BAUER, PAUL DONOVAN, TERESA IGLESIAS-SOLOMON, JUDITH CARRÈ SUTFIN, DONALD H. WILSON, and DOES 1-20, | |
| Defendants. | |

**PLAINTIFF MERRY F. SHANE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS MICHELLE KRETSINGER AND KEITH KRETSINGER'S <u>MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL</u>**

Plaintiff Merry F. Shane ("Shane") respectfully submits this memorandum of law in opposition to the motion of Plaintiffs Michelle Kretsinger and Keith Kretsinger (the "Kretsingers") for appointment of the law firm of Barroway Topaz Kessler Meltzer & Check, LLP ("BTKMC") as Interim Class Counsel and the law firm of Lasky & Rifkind, LTD ("Lasky & Rifkind") as Interim Liaison Class Counsel, and in further support of Shane's motion for the appointment of Rigrodsky & Long, P.A. and the Egleston Law Firm as Interim Class Counsel, and Meyer & Horning, P.C. as Interim Class Liaison Counsel.

## I.   INTRODUCTION

The Kretsingers have moved for appointment of their counsel, BTKMC, as Interim Class Counsel and their local counsel, Lasky & Rifkind, as Interim Class Liaison Counsel in this consolidated ERISA action. The Firm Biography of BTKMC shows that this firm is experienced in ERISA litigation and well qualified to prosecute such actions.[1] *See* Declaration of Edward W. Ciolko, dated August 18, 2010, Ex. M.

Counsel for Shane have recently learned, however, that this litigation is one of two separate class actions in which BTKMC represents separate plaintiffs seeking recovery from the same defendant, John W. Gleeson, on behalf of two different classes. As discussed more fully below, this dual representation gives rise to a disabling conflict of interests between BTKMC and the proposed class in this litigation. BTKMC cannot represent different classes of plaintiffs with conflicting claims who are seeking recovery from the same defendant and, therefore, a common pool of assets, because such competing claims may impair counsel's ability to vigorously pursue the interests of both classes. Accordingly, BTKMC does not satisfy the

---

[1] Indeed, counsel for Shane offered to work cooperatively with BTKMC because of its experience and "track record" in prosecuting such actions. *See* Declaration of Timothy F. Horning, dated August 18, 2010, Ex. A, ¶ 3.

adequacy of counsel provisions of Rule 23(a)(4) of the Federal Rules of Civil Procedure and should not be appointed Interim Class Counsel under Rule 23(g).

## II. ARGUMENT

The complaint filed in *Michelle Kretsinger and Keith Kretsinger v. Amcore Financial, Inc., et al.,* Civil Action: 10-cv-50132 (the "*Kretsinger* Action"), names John W. Gleeson ("Gleeson"), among others, as a defendant based on his membership on the Amcore Board of Directors during the Class Period. *See Kretsinger* Action Complaint, dated May 24, 2010, ¶ 22 (Supplemental Declaration of Timothy F. Horning, dated September 8, 2010 ("Horning Supp. Decl."), Ex. A). In that complaint, the Kretsingers make clear that, among other things, they seek:

> An Order compelling the Defendants to make good to the Plan all losses to the Plan resulting from Defendants' breaches of their fiduciary duties, including losses to the Plan resulting from imprudent investment of the Plan's assets, and to restore to the Plan all profits the Defendants made through use of the Plan's assets, and to restore to the Plan all profits which the participants would have made if the Defendants had fulfilled their fiduciary obligations . . . .

*Kretsinger* Action, Complaint at 51. Thus, the Kretsingers seek compensatory damages from Defendant Gleeson, among others, in this litigation.

In a different class action litigation, *Campbell v. The Talbots, Inc. et al.*, Case No. 5199 (Del. Ch.), which is presently pending in the Delaware Court of Chancery (the "*Talbots* Action"), John W. Gleeson is also named as a defendant. (Horning Supp. Decl., Ex. B, ¶ 15; Ex. C). Indeed, the complaint in the *Talbots* Action expressly states that Gleeson "is a director of Amcore Financial, Inc." (Horning Supp. Decl., ¶ 15). The plaintiff in that class action litigation, John Campbell, is also represented by BTKMC. (Horning Supp. Decl., Ex. B at 45). Moreover, the plaintiff in the *Talbots* Action also seeks compensatory damages from the defendants, including Defendant Gleeson, on behalf of "all Talbot's public stockholders." *Id.*, ¶ 1; p. 45.

2

BTKMC's simultaneous representation of two different plaintiffs and classes in separate class action litigations which seek recovery from the same defendant, John W. Gleeson, gives rise to a conflict of interests between BTKMC and the proposed class, which undermines BTKMC's adequacy to serve as class counsel under Fed. R. Civ. P. 23(g).[2]

In *In Re Cardinal Health, Inc. ERISA Litig.,* 225 F.R.D. 552 (S.D. Ohio 2005), the court declined to appoint BTKMC as class counsel due to its simultaneous representation of two different classes seeking recovery from the same defendant.[3] The *Cardinal Health* court explained:

> ***Counsel cannot represent different classes of plaintiffs with conflicting claims who are seeking recovery from a common pool of assets.*** *See Kuper v. Quantum Chem. Corp.*, 145 F.R.D. 80, 83 (S.D. Ohio 1992) (citing *Jackshaw Pontiac, Inc. v. Cleveland Press Publ'g. Co.*, 102 F.R.D. 183, 192 (N.D. Ohio 1984)); *see also ABA Code of Professional Responsibility*, DR 5-105 and EC 5-14 (***prohibiting counsel from representing different plaintiffs with conflicting claims against the same defendant because it creates "the appearance of divided loyalties of counsel"***). If the amount sought by each proposed class could exceed the total assets of the Defendants, then "***competing claims may impair counsel's ability to vigorously pursue the interest of both classes***." *Kuper* at 83; *see also Dietrich v. Bauer*, 192 F.R.D. 119, 126 (S.D.N.Y. 2000) (finding counsel can represent two overlapping classes of plaintiffs as long as the class actions are waged against different defendants).

*Id.* at 557 (emphasis added).[4]

---

[2] Federal Rule of Civil Procedure 23(g), which sets out the requirements for class counsel, requires that the chosen counsel "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In addition, Fed. R. Civ. P. 23(g)(1)(C)(ii) provides that a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

[3] BTKMC was then known as "Schiffrin & Barroway, LLP."

[4] In *Cardinal Health*, the conflict arose from Schiffrin & Barroway, LLP's (now BTKMC), simultaneous representation of two separate classes against two companies that subsequently merged into a single entity. The *Cardinal Health* court determined that the representation of two distinct classes in different litigations against the single, post-merger entity, gave rise to a (continued…)

Moreover, consideration of the conflict issue at this early stage of the litigation is appropriate inasmuch as the adequacy of class counsel is also a factor that must ultimately be considered at the class certification stage of the litigation. *See generally In re Williams Cos. ERISA Litig.,* No. 02-CV-153-H(M), 2002 U.S. Dist. LEXIS 27691, at *8 (N.D. Okla. Oct. 28, 2002) (court appointing lead counsel considered the needs a certified class would have even though, at the time of the order, the class was merely a putative one). Under the adequacy of counsel requirement of Rule 23(a)(4), the existence of such a conflict will preclude certification of the class. For example, in *Krim v. pcOrder.com, Inc.,* 210 F.R.D. 581 (W.D. Tex. 2002), the court denied certification of a class under Fed. R. Civ. P. 23, finding plaintiffs' counsel had not satisfied the adequacy requirement of Rule 23(a)(4) based on its simultaneous representation of multiple classes in various litigations against the same defendant. *Id.* at 589. The court explained:

> Counsel must be both zealous and competent in their representation to be adequate. [*Berger v. Compaq Computer Corp*., 257 F.3d 475, 479-80 (5th Cir. 2001*).*] ***In undertaking an inquiry into adequacy, the Court considers the conflicts of interest of the class counsel,*** as well as the class representatives. [Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice And Procedure*, § 1769.1 at 384 (2d ed. 1986)]; s*ee also Chateau De Ville Productions, Inc. v. Tams-Witmark Music*, 474 F. Supp. 223, 226 (S.D.N.Y. 1979) (counsel who seek to represent a class are "obliged to exercise their fiduciary obligations with particular care."). ***Conflicts of interest may exist for class counsel if they are involved in multiple lawsuits*** for the named representative or ***against the same defendants.*** Wright, *supra*, § 1769.1 at 384; *see also Kurczi v. Eli Lilly & Co.,* 160 F.R.D. 667, 678-79 (N.D. Ohio 1995) (noting in these situations, the risk exists for potential class members that counsel will trade off certain of their interests to serve the interests of other clients). Class counsel must act with unwavering and complete loyalty to the class members they represent, and the ***"responsibility of class counsel to absent***

---

(…continued)
conflict of interests which precluded BTKMC from being appointed Interim Class Counsel in that ERISA litigation. *Id*. at 556-57.

4

> ***class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel.***" *Kayes v. Pacific Lumber Co.,* 51 F.3d 1449, 1465 (9th Cir. 1995) (citing *Sullivan v. Chase,* 79 F.R.D. 246, 258 (N.D. Cal. 1978)).

*Id.* (emphasis added); *see also Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 679 (N.D. Ohio 1995) ("counsel have placed themselves in a position of potential conflict of interest. Because [counsel] represents the individual plaintiffs in the parallel state action . . . potential class members are at risk that counsel will trade off the interests of certain of its clients to the detriment of other clients."); *Sullivan v. Chase Invest. Servs. of Boston, Inc.,* 79 F.R.D. 246, 258 (N.D. Cal. 1978) (finding that counsel could not represent different classes in two distinct actions against same defendant as that would violate the *ABA Code of Professional Responsibility*, Disciplinary Rule 5-105 and Ethical Considerations 5-14 through 5-16.).

Further, even if BTKMC's dual representation is viewed as merely a potential for conflict that may never be realized because neither action has been reduced to judgment, or because the extent of Defendant Gleeson's assets remains speculative, BTKMC's simultaneous representation of different classes proceeding against Defendant Gleeson should, nonetheless, preclude its appointment as Interim Class Counsel. In *Kuper v. Quantum Chem. Corp.*, 145 F.R.D. 80 (S.D. Ohio 1992), the court, rejecting an identical argument, explained:

> Plaintiffs counter that class certification should not be denied based upon a potential conflict that may never materialize. They argue that because neither action has been reduced to judgment, and because the extent of Defendants' assets remains speculative, disqualification of counsel would be premature and unwarranted.
>
> Again, the Court cannot concur . . . we must conclude that it is "not inconceivable that the amount sought by . . . plaintiffs and the proposed [class] here will exceed the total assets" of Defendant Quantum as well as those individual defendants named in both actions. *See* [*Jackshaw Pontiac v. Cleveland Press Publishing Co.,* 102 F.R.D. 183, 192 (N.D. Ohio 1984).] This Court agrees with the *Jackshaw* court's implicit conclusion that such competing claims ***may*** impair counsel's ability to vigorously pursue the interests of both classes.

5

*Id*. at 83 (insertion in original) (emphasis added). Thus, the mere possibility that competing claims could impair counsel's vigorous advocacy on behalf of both classes is sufficient grounds for finding that a disabling conflict exists. Indeed, even the "appearance of divided loyalties of counsel" stemming from its representation of different plaintiffs with conflicting claims against the same defendant is sufficient to preclude appointment as interim class counsel. *See Cardinal Health*, 225 F.R.D. at 557 (citing the *ABA Code of Professional Responsibility*, DR 5-105 and EC 5-14).

Therefore, irrespective of BTKMC's experience and qualifications to otherwise serve as interim class counsel in ERISA litigations, it may not do so here because of the disabling conflict of interests stemming from its simultaneous representation of different plaintiffs and classes in different actions against the same defendant. Accordingly, the Kretsingers' motion for appointment of BTKMC as Interim Class Counsel and for Lasky & Rifkind as Interim Liaison Counsel should be denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Shane respectfully requests that the Court deny the Kretsingers' motion for appointment of BTKMC as Interim Class Counsel and Lasky & Rifkind as Interim Liaison Counsel, and grant her motion to appoint Rigrodsky & Long, P.A. and the Egleston Law Firm, as Interim Class Counsel for the proposed class, and appoint her local counsel, Meyer & Horning, P.C., as Interim Liaison Counsel for the proposed class.

Dated: September 8, 2010

Respectfully submitted,

**MEYER & HORNING, P.C.**

By: */s/ Timothy F. Horning*
    Timothy F. Horning
3400 North Rockton Avenue
Rockford, Illinois 61103
Telephone: (815) 636-9300
Facsimile: (815) 636-9352
Email: thmeyerhorning@aol.com

**EGLESTON LAW FIRM**
Gregory M. Egleston
360 Furman Street, Suite 443
Brooklyn, NY 11201
Telephone: (646) 227-1700
Facsimile: (646) 227-1701
Email: egleston@gme-law.com
Email: greg.egleston@gmail.com

**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky
Brian D. Long
919 North Market Street, Suite 980
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rigrodskylong.com
Email: bdl@rigrodskylong.com

-and-

7

Timothy J. MacFall
585 Stewart Avenue, Suite 304
Garden City, NY 11530
Telephone (516) 683-3516
Email: tjm@rigrodskylong.com

***Attorneys for Plaintiff Merry F. Shane***