**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| MERRY F. SHANE, ET AL., | ) Civil Action No.: 3:10-cv-50089 |
| | ) (*Consolidated with Civil Action No. 3:10-* |
| Plaintiffs, | ) *cv-50132*) |
| | ) |
| v. | ) Honorable Frederick J. Kapala |
| | ) |
| KENNETH E. EDGE, ET AL., | ) Mag. Honorable P. Michael Mahoney |
| | ) |
| Defendants. | ) |
| | ) |

**JOINT MOTION FOR EXTENSION OF TIME AND PAGE LIMITS RELATED TO**
**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**
<u>**OF SETTLEMENT AGREEMENT**</u>

Plaintiffs Merry F. Shane, Michelle Kretsinger and Keith Krestinger ("Plaintiffs"), and

Defendants Paula A. Bauer, Lori M. Burke, Russell Campbell, Eleanor Doar, Paul Donovan,

Kenneth E. Edge, Guy Francesconi, John Gleeson, John Halbrook, Frederick Hay, William R.

McManaman, Steven Rogers, Teresa Inglesias-Solomon, Richard Stiles, Judith Carré Sutfin,

Thomas Szmanda, James S. Waddell, Jack Ward, Gary Watson, Donald H. Wilson, Amcore

Financial Inc. Advisory Committee, and John Does 1-20 ("Defendants"), (collectively, the

"Parties"), by and through their undersigned attorneys, respectfully request a forty-five (45) day

extension of time, through and including September 24, 2012, to allow the Parties additional

time to obtain participant Plan (defined below) data and finalize their settlement papers and to

file the appropriate Rule 23 motion for preliminary approval of settlement and supporting papers.

In support of this Motion, the Parties state as follows:

1.      This is a purported class action lawsuit under ERISA alleging breach of fiduciary

duty claims in connection with the offering of employer stock (here, the Amcore Stock Fund) as

a 401(k) plan investment in the Amcore Financial Security Plan ("the Plan). On March 28, 2012, the Parties notified the Court that they had agreed to settle the litigation [Dkt. No. 77]. On April 4, 2012, the Court entered an order striking all deadlines and giving the Parties until May 29, 2012 to file a stipulation to dismiss [Dkt. No. 78]. On May 11, 2012, the Parties requested, and were granted, an extension of time to file a stipulation to dismiss through and including July 13, 2012 [Dkt. No. 79].[1]

2.      Approval of the proposed settlement, once finalized by the Parties, will be governed by the provisions of FED. R. CIV. P. 23(e), which will require the Court to find (among other things) that the proposed mechanism for providing notice of the settlement to proposed class members is reasonable and that the settlement itself is fair and reasonable.

3.      To effectuate notice of the settlement to members of the proposed settlement class and determine the appropriate distribution of the settlement among those individuals, the Parties need information regarding (1) the identity and addresses of Plan participants whose individual Plan accounts held investments in Amcore stock during the proposed settlement class period; and (2) individual Plan participants' holdings in the Amcore Stock Fund during the proposed settlement class period. This data, however, resides with an independent third-party – BMO Harris Bank N.A. ("Harris").[2]

4.      Accordingly, on May 18, 2012, Plaintiffs issued a subpoena to Harris requesting

---

[1]     While the prior orders referenced a stipulation of settlement, since the Parties are seeking to settle the lawsuit on a classwide basis they will be required to follow the requirements of FED. R. CIV. P. 23(e) to obtain Court approval of the settlement.

[2]     On April 23, 2010, Harris acquired Amcore Investment Group (the former Plan trustee and recordkeeper) and Amcore Bank and therefore has physical custody of the relevant data. The Plan was terminated in 2010 and Harris performed the final account distributions to participants. Harris has cooperated with previous subpoenas in this action for the Plan-related data and documents.

the individual Plan participant data for purposes of the proposed settlement. After receiving the subpoena, Harris informed Plaintiffs that it needed additional time to respond. As such, on June 22, 2012 the Parties jointly requested, and were granted, an extension of time through and including July 27, 2012 to file a stipulation to dismiss [Dkt. No. 80].

5.      On July 10, 2012, Harris responded to Plaintiffs' subpoena and, on July 16, 2012, Plaintiffs provided that data to Defendants.

6.      After examining the data produced by Harris, the Parties conferred and agreed that additional information was needed, including the individual Plan participants' holdings in the Amcore Stock Fund during the proposed settlement class period. The data also failed to adequately identify all potential members of the settlement class. Without the additional participant data, it would be impossible to send out the requisite notices or perform the necessary distribution calculations for purposes of settlement. Thus, on July 19, 2012, the Parties requested, and were granted, an extension of time through and including August 10, 2012 to file a stipulation to dismiss. That same day, the Parties contacted Harris to schedule a telephone conference to discuss the additional settlement data needed.

7.      On July 23, 2012, Harris informed the Parties that it had assigned a new person to the matter and requested the Parties provide it with a written list of the additional data they needed Harris to collect. The next day, the Parties provided Harris with the requested information.

8.      Unfortunately, despite their diligent efforts, to date, the Parties have not heard from Harris. Moreover, it is the understanding of the Parties that the individual at Harris responsible for collecting the data has been out of the office since July 27, 2012, and will not return until August 7, 2012.

9.      Without the participant data from Harris, the Parties cannot finalize the settlement papers and, as such, respectfully request an additional forty-five (45) days, through and including September 24, 2012, to obtain and analyze the participant data, finalize their settlement papers and file the appropriate motion and supporting materials in support of preliminary approval of the settlement pursuant to Rule 23.  Of course, if the Parties obtain the necessary information in due course and are able to finalize and file their settlement papers prior to September 24, 2012 they will do so promptly.

10.      Further, given the intricate nature of the proposed settlement, and the requisite showing Plaintiffs must demonstrate therein to satisfy the standards for preliminary approval in this Court, Plaintiffs further respectfully move for leave of Court to file a memorandum in support of their motion for preliminary approval of the settlement in excess of the fifteen (15) page limit set forth in Local Rule 7.1.  Specifically, Plaintiffs request leave of this Court to file a memorandum in support of their motion not to exceed thirty (30) pages.

11.      This Motion is made in good faith for the reasons asserted and is not for any dilatory purpose.  The granting of this Motion will not cause prejudice to either party.

WHEREFORE, the Parties respectfully request that this Court enter an order extending the deadline for the Parties to file the appropriate Rule 23 motion for preliminary approval of settlement and supporting papers, through and including September 24, 2012 and permit Plaintiffs to file a memorandum in support of their motion for preliminary approval not to exceed thirty (30) pages.

Agreed on this 3rd day of August, 2012

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**

By: */s/ Mark K. Gyandoh*
Edward W. Ciolko
Peter A. Muhic
Mark K. Gyandoh
Julie Siebert-Johnson
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610.667.7706
Facsimile: 610.667.7056
Email: eciolko@btkmc.com
　　　 pmuhic@btkmc.com
　　　 mgyandoh@btkmc.com
　　　 jsjohnson@btkmc.com

*Interim Co-Lead Counsel*

**EGLESTON LAW FIRM**

By: */s/ Gregory M. Egleston*
Gregory M. Egleston
Scott D. Egleston
440 Park Avenue South, Fifth Floor
New York, NY 10016
Telephone: 212.683.3400
Facsimile: 212.683.3402
Email: egleston@gme-law.com

*Interim Co-Lead Class Counsel*

**MEYER & HORNING, P.C.**

By: */s/ Timothy F. Horning*
Timothy F. Horning
3400 North Rockton Avenue
Rockford, IL 61103
Telephone: 815.636.9300
Facsimile: 815.636.9352
Email: thmeyerhorning@aol.com

*Interim Liaison Class Counsel*

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Kirsten Milton*
Charles C. Jackson
Deborah S. Davidson
Kirsten A. Milton
Emily A. Glunz
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Fifth Floor
Chicago, Il 60601
Telephone: 312.324.1000
Facsimile: 312.324.1001
Email: charles.jackson@morganlewis.com
　　　 ddavidson@morganlewis.com
　　　 kmilton@morganlewis.com

*Attorneys for Defendants*

**LASKY & RIFKIND, LTD.**
Norman Rifkind, Esq.
Leigh R. Lasky, Esq.
351 W. Hubbard Street, Suite 401
Chicago, IL 60654
Telephone: 312.634.0057
Email: rifkind@laskyrifkind.com
        lasky&laskyrifkind.com

*Counsel for Plaintiffs Michelle Kretsinger
and Keith Kretsinger*

**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky
Brian D. Long
919 North Market Street, Suite 980
Wilmington, DE 19801
Telephone: 302.295.5310
Facsimile: 302.654.7530
Email: sdr@rigrodskylong.com
        bdl@rigroskylong.com

Timothy J. MacFall
Scott J. Farrell
585 Stewart Avenue, Suite 304
Garden City, NY 11530
Telephone: 516.683.3516
Email: tjm@rigrodskylong.com
        sjf@rigrodskylong.com

*Counsel for Plaintiff Merry F. Shane*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.


*/s/ Mark K. Gyandoh* _____ ___
Mark K. Gyandoh