UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

|  |  |
|---|---|
| **Shane et al. v. Edge et al.** | ) Case No. 3:10-cv-50089 <br> ) <br> ) Honorable Frederick J. Kapala <br> ) |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

FILED

JAN 1 5 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED

JAN 1 5 2013

MAGISTRATE JUDGE P. MICHAEL MAHONEY
United States District Court

This *Action* involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Amcore Financial Security Plan (the "*Plan*").[1] The terms of the *Settlement* are set out in the Settlement Agreement fully executed as of January 10, 2013 (the "*Settlement Agreement*"), by counsel on behalf of the *Named Plaintiffs* and *Defendants*.

Pursuant to the *Named Plaintiffs'* Motion for Preliminary Approval, on January 15, 2013, the *Court* preliminarily considered the *Settlement* to determine, among other things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the proposed *Settlement Class*. Upon reviewing the *Settlement Agreement* and the matter having come before the *Court* at the January 15, 2013 hearing, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. **Settlement Class Findings** – Solely for the purposes of the *Settlement*, the *Court* preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of this *Court* and any other applicable law have been met as to the *Settlement Class* defined below, in that:

    a) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(1), the *Settlement Class* is ascertainable from records kept with respect to the *Plan* and from other objective criteria, and the members of the *Settlement Class* are so numerous that their joinder before the *Court* would be impracticable.

    b) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the *Settlement Class*.

---

[1] All italicized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the *Settlement Agreement*.

1

c) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(3), the claims of the *Named Plaintiffs* are typical of the claims of the *Settlement Class*.

d) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(a)(4), the *Named Plaintiffs* will fairly and adequately protect the interests of the *Settlement Class* in that: (i) the interests of the *Named Plaintiffs* and the nature of their alleged claims are consistent with those of the members of the *Settlement Class*; (ii) there appear to be no conflicts between or among the *Named Plaintiffs* and the *Settlement Class*; and (iii) the *Named Plaintiffs* and the members of the *Settlement Class* are represented by qualified reputable counsel who are experienced in preparing and prosecuting large, complex ERISA class actions.

e) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the *Settlement Class* would create a risk of: (i) inconsistent or varying adjudications as to individual *Settlement Class* members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this *Action*; or (ii) adjudications as to individual *Settlement Class* members that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

f) The *Court* preliminarily finds, for purposes of settlement only, that, as required by FED. R. CIV. P. 23(g), *Co-Lead Class Counsel* and *Liaison Class Counsel* are capable of fairly and adequately representing the interests of the *Settlement Class*, in that *Co-Lead Class Counsel* and *Liaison Class Counsel*: (i) have done appropriate work identifying or investigating

potential claims in the *Action*; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the *Settlement Class*.

2. **Class Certification** – The *Court*, in conducting the settlement approval process required by FED. R. CIV. P. 23, preliminarily certifies solely for purposes of settlement the following class under FED. R. CIV. P. 23(b)(1) (the "*Settlement Class*"):

> All *Persons* (excluding the *Defendants* and their *Immediate Family Members*) who were participants in or beneficiaries (including alternate payees) of the *Plan* at any time between July 2, 2007 and July 15, 2010, and whose individual *Plan* accounts included investment in the *Company Stock Fund* at any point during that time period.

Any preliminary certification of a preliminary *Settlement Class* pursuant to the terms of the *Settlement Agreement* shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against *Defendants* that (except for the purposes of the *Settlement*), this *Action* or any other action is appropriate for class treatment under FED. R. CIV. P. 23, or any similar federal or state class action statute or rule, for litigation purposes.

3. **Appointments** – The *Court* preliminarily appoints (a) the *Named Plaintiffs* as the representatives for the *Settlement Class* and (b) *Co-Lead Class Counsel* and *Liaison Class Counsel* (together, "*Class Counsel*") as counsel for the *Settlement Class*. The *Court* appoints Nicholas L. Saakvitne as *Plan Administrator* to (1) reinstate the *Plan* in order to allow the *Net Settlement Fund* to be distributed through the *Plan* and (2) serve as *Plan Administrator* for the reinstated *Plan*, including for purposes of overseeing the distribution by the *Settlement Administrator* of the *Net Settlement Fund* to *Settlement Class Members* and ensuring that the reinstated *Plan* complies with all the requirements of ERISA and the federal tax code in order that the *Settlement Class Members*

may receive their shares of the *Net Settlement Fund* as qualified distributions, if they so desire. Further, the *Plan Administrator* shall direct the *Settlement Administrator* to distribute the *Net Settlement Fund* to the members of the *Settlement Class* in accordance with the *Plan of Allocation*; (2) shall then be exclusively responsible for overseeing the *Settlement Administrator's* distribution of the *Net Settlement Fund* to the *Settlement Class Members* in accordance with the *Plan of Allocation* based on the calculations of the *Settlement Administrator*; and (3) shall be responsible for directing the *Settlement Administrator* to take reasonable steps to properly allocate the *Net Settlement Fund* to the *Plan* accounts of the *Settlement Class Members*. Both the *Plan Administrator's* and the *Settlement Administrator's* fees and expenses incurred for the administration of this *Settlement* shall be paid from the *Net Settlement Fund*.

The *Court* also appoints Nicholas L. Saakvitne as *Independent Fiduciary* to review the *Settlement* in accordance with Section 2.5.1 of the *Settlement Agreement*. Subject to *Defendants'* right to waive this condition, as described in Section 2.5.2 of the *Settlement Agreement*, the *Settlement* shall be contingent upon Mr. Saakvitne: (i) approving the *Settlement* in writing; (ii) granting a written release of *Plaintiffs' Released Claims* to *Plaintiffs' Released Persons* on behalf of the *Plan* that conforms to the *Plan's* release under Section 3.1 of the *Settlement Agreement*; and (iii) either (1) authorizing the *Settlement* in accordance with *PTCE 2003-39*, or (2) finding that the *Settlement* does not constitute a prohibited transaction under ERISA Section 406, 29 U.S.C. § 1106, in each case in a written instrument in a form acceptable to *Defendants* in their sole discretion. *Defendants*, through their *Insurer*, shall bear the costs associated with retaining the *Independent Fiduciary*.

4. **Preliminary Findings Regarding Proposed** *Settlement* – The *Court* preliminarily finds that (a) the proposed *Settlement* resulted from extensive arms-length

negotiations with the assistance of an experienced mediator, (b) the *Settlement Agreement* was executed only after *Class Counsel* had conducted appropriate investigation and discovery regarding the strengths and weaknesses of *Named Plaintiffs'* claims, (c) *Class Counsel* have concluded that the proposed *Settlement* is fair, reasonable, and adequate, and (d) the proposed *Settlement* is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed *Settlement* to the *Settlement Class*. Having considered the essential terms of the *Settlement Agreement* under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the *Court* finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the *Settlement* should be given notice and an opportunity to be heard regarding final approval of the *Settlement* and other matters.

5. **Final Approval Hearing** – A hearing is scheduled for **May 10** at **9:00 a**.m. (the "*Final Approval Hearing*") to determine, among other things:

- Whether the *Settlement* merits final approval as fair, reasonable, and adequate;
- Whether the *Action* should be dismissed with prejudice pursuant to the terms of the *Settlement*;
- Whether the notice plan proposed by the *Parties* (a) constitutes the best practicable notice, (b) constitutes notice reasonably calculated, under the circumstances, to apprise members of the *Settlement Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Final Approval Hearing*, (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice, and (d) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether *Class Counsel* adequately represented the *Settlement Class* for purposes of entering into and implementing the *Settlement*;

- Whether the proposed *Plan of Allocation* should be approved; and

- Whether any application(s) for attorneys' fees and expenses and *Case Contribution Awards* to the *Named Plaintiffs* are fair and reasonable and should be approved.

6. **Class Notice** – The *Named Plaintiffs* have presented to the *Court* a proposed form of *Class Notice*, appended hereto as Exhibit A. The *Court* finds that such form fairly and adequately: (a) describes the terms and effects of the *Settlement Agreement*, the *Settlement*, and the *Plan of Allocation*; (b) notifies the *Settlement Class* that *Class Counsel* will seek attorneys' fees and reimbursement of expenses from the *Settlement Fund*, and for a *Case Contribution Award* of up to $5,000.00 for each of the *Named Plaintiffs* for their services in such capacity; (c) gives notice to the *Settlement Class* of the time and place of the *Final Approval Hearing*; and (d) describes how the recipients of the *Class Notice* may object to any of the relief requested. The *Named Plaintiffs* have proposed the following manner of communicating the notice to members of the *Settlement Class*, and the *Court* finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the *Court* directs that *Class Counsel* shall:

- By no later than **Feb 14**, 2013, cause the *Class Notice*, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be provided by first-class mail, postage prepaid, to the last known address of each member of the *Settlement Class* who can be identified by reasonable effort.

- By no later than **Feb 14**, 2013, cause the *Class Notice* to be published on the website identified in the *Class Notice*, www.AmcoreERISAsettlement.com,

which will also host and make available copies of all *Settlement*-related documents, including the *Settlement Agreement*.

7. **CAFA Notice** – The form of notice proposed by *Defendants* pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("*CAFA Notice*") (attached hereto as Exhibit B) complies with the *CAFA Notice* requirements and is hereby approved.

8. **Petition for Attorney's Fees and Costs and *Case Contribution Awards*.** Any petition by *Class Counsel* or *Liaison Class Counsel* for attorney's fees, litigation costs and *Case Contribution Awards* to the *Named Plaintiffs*, and all briefs in support thereof, shall be filed no later than **APR. 9**, 2013.

9. **Briefs in Support of Final Approval of the *Settlement*.** Briefs and other documents in support of final approval of the *Settlement* shall be filed no later than **APR. 9**, 2013.

10. **Objections to *Settlement*** – Any member of the *Settlement Class* or authorized recipient of the *CAFA Notice* may file an *Objection* to the fairness, reasonableness, or adequacy of the *Settlement*, to any term of the *Settlement Agreement*, to the *Plan of Allocation*, to the proposed award of attorneys' fees and expenses, or to the request for a *Case Contribution Award* for the *Named Plaintiffs*. An objector must file with the *Court* a statement of his, her, or its *Objection(s)*, specifying the reason(s), if any, for each such *Objection* made, including any legal support and/or evidence that the objector wishes to bring to the *Court's* attention or introduce in support of the *Objection(s)*. Any member of the *Settlement Class* who files an *Objection* to the *Settlement* must also mail copies of the *Objection* and any supporting law and/or evidence to *Class Counsel* and to counsel for the *Defendants*. The address for filing *Objections* with the *Court* and serving objections on counsel are as follows:

*For Filing*:

Clerk of the Court
United States District Court for the Northern District of Illinois, Western Division
United States Courthouse
327 South Church Street
Rockford, IL 61101
Re: *Shane et al. v. Edge et al.*, Civil Action No. 3:10-cv-50089

*To Class Counsel:*

Peter A. Muhic
Mark K. Gyandoh
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Gregory M. Egleston
440 Park Avenue South, 5th Floor
Egleston Law Firm
New York, NY 10016
Telephone: (212) 683-3400
Facsimile: (212) 683-3402

*To Defendants' Counsel:*

Deborah S. Davidson
Morgan Lewis LLP
77 West Wacker Drive, 5th Floor
Chicago, IL 60601
Telephone: (312) 324-1000
Facsimile: (312) 324-1001

The objector or his, her, or its counsel (if any) must file the *Objection* and supporting materials with the *Court* no later than **Apr. 19**, 2013, and any *Settlement Class Member* objector must serve copies of the *Objection* (together with any supporting materials) on counsel listed above no later than **Apr. 19**, 2013. If a *Settlement Class Member* objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also serve a notice of appearance on counsel listed above and file it

with the *Court* no later than __Apr. 19__, 2013. Any member of the *Settlement Class*, authorized recipient of the *CAFA Notice* or other *Person* who does not timely submit a written *Objection* complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the *Settlement*, and any untimely *Objection* shall be barred.

11. **Appearance at *Final Approval Hearing*** – Any objector who files and serves a timely, written *Objection* in accordance with paragraph 10 above may also appear at the *Final Approval Hearing* either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the *Final Approval Hearing* must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the *Court* by no later than __Apr. 19__, 2013. Any objector who does not timely submit a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the *Final Approval Hearing*, except for good cause shown.

12. **Notice Expenses** – The expenses of printing, mailing, and publishing all notices required hereby shall be paid from the *Settlement Fund*.

13. **Service of Papers** – *Defendants'* counsel and *Class Counsel* shall promptly furnish each other with copies of any and all *Objections* to the *Settlement* that come into their possession.

14. **Termination of Settlement** – If the *Settlement Terminates* in accordance with the terms of the *Settlement Agreement*, this Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the *Parties*, all of whom shall revert to their positions as of the day immediately before the *Agreement Execution Date*.

15. **Use of Order** – This Order is not admissible as evidence for any purpose against *Defendants* in any pending or future litigation. This Order shall not be construed or used as an

admission, concession, or declaration by or against *Defendants* of any finding of fiduciary status, fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against *Named Plaintiffs* or the *Settlement Class* that their claims lack merit, or that the relief requested in the *Action* is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any *Party* of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by *Defendants* to class certification, in the event that the *Settlement Agreement Terminates*. Moreover, the *Settlement Agreement* and any proceedings taken pursuant to the *Settlement Agreement* are for settlement purposes only. Neither the fact of, nor any provision contained in the *Settlement Agreement* or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

16. **Jurisdiction** – The *Court* hereby retains jurisdiction for purposes of implementing the *Settlement*, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the *Settlement* as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

17. **Continuance of *Final Approval Hearing*** – The *Court* reserves the right to continue the *Final Approval Hearing* without further written notice.

SO ORDERED this 15-th day of Jan, 2013.

HON. P. MICHAEL MAHONEY
UNITED STATES MAGISTRATE JUDGE